[Civ. No. 1122.   Second Appellate District.—August 2, 1912.]

RICHARD FAST, Appellant, v. WILLIAM YOUNG, Justice of the Peace of Los Angeles Township, County of Los Angeles, etc., Respondent.

JUSTICE'S COURT—JURISDICTION TO RELIEVE DEFENDANT FROM DEFAULT JUDGMENT—TIME—TEN DAYS AFTER NOTICE OF ENTRY.—A justice's court has jurisdiction, on motion of a defendant, to set aside a judgment taken against such defendant by default, owing to excusable neglect, where the motion for such relief is made and heard within ten days after notice of the entry of the judgment.

ID.—NATURE OF DEFAULT JUDGMENT—JUDGMENT AFTER DEMURRER OVERRULED AND FAILURE TO ANSWER—REMEDY.—A judgment entered

after a demurrer to the complaint has been overruled and failure of the defendant to answer in the justice's court is to be treated as a default judgment, which may be set aside, under the provisions of section 859 of the Code of Civil Procedure.

ID.—ORDER VACATING DEFAULT JUDGMENT—JURISDICTION—PROCEDURE ON CERTIORARI—AFFIRMANCE AND NOT DISMISSAL.—Where a writ of *certiorari* was applied for in the superior court to review and annul an order of the justice's court vacating a default judgment, where the superior court is satisfied of the jurisdiction of the justice's court to make the order, the proper procedure is for the superior court to enter a judgment affirming the order, and not an order dismissing the proceedings.

ID.—REVIEW UPON APPEAL FROM ORDER—PROCEDURE NOT OBJECTED TO—ORDER TREATED AS JUDGMENT—AFFIRMANCE.—Upon appeal from the order dismissing the proceeding in *certiorari*, where no objection to the procedure is raised, the order will be treated as a judgment, and will be affirmed.

APPEAL from an order of the Superior Court of Los Angeles County dismissing proceeding upon a writ of *certiorari* to the Justice's Court of Los Angeles Township. George H. Hutton, Judge ordering writ; W. M. Conley, Judge presiding in Extra Session; No. 1, making order appealed from.

The facts are stated in the opinion of the court.

Otto Schroeder, for Appellant.

Newman Jones, for Respondent.

JAMES, J.—This proceeding in *certiorari* was brought for the purpose of having reviewed an order made in the justice's court of Los Angeles township, whereby a judgment entered in an action brought in that court by the petitioner here against one Mrs. H. Grant was vacated and set aside under the provisions of section 859 of the Code of Civil Procedure. After return made to the writ in the superior court and hearing had thereon, the court ordered the proceedings to be dismissed, and petitioner appeals.

In the justice court action the defendant, within the time allowed by law, made appearance by demurring to the complaint. The demurrer was filed on August 9, 1911; thereafter, on September 18, 1911, an order was made by the justice

overruling the demurrer and allowing defendant three days within which to answer. No answer was filed and, on September 28, 1911, judgment was entered in favor of plaintiff. Thereafter, on October 6, 1911, defendant filed a notice of motion to have the judgment vacated on the ground that it had been taken against her through her excusable neglect, and an affidavit of merits in proper form and of sufficient substance was filed, which affidavit also set forth facts from which the justice might conclude that the neglect of defendant in failing to file her answer was excusable. Thereafter, on October 13, 1911, the motion came on to be heard and the justice made an order setting aside the judgment and allowing the defendant to answer to the complaint.

It is contended in the brief of counsel for appellant that the justice had no jurisdiction to make the order setting aside the judgment, because the motion for that order was heard more than ten days after the entry of judgment. Section 859 of the Code of Civil Procedure, prior to the year 1905, did provide that such a motion must be presented within ten days after the entry of judgment. The legislature of 1905, however, amended the section [Stats. 1905, p. 254], and it has since provided that such a motion must be made within ten days after *notice* of the entry of judgment. The affidavit filed in support of the motion showed that the counsel for defendant in the justice court action did not have notice that judgment had been entered against his client until the third day of October, 1911. The motion to vacate the judgment having been heard on October 13, 1911, the order of the justice made on that day granting the motion was made within the time provided for by the statute.

There is no merit in the contention of appellant that the judgment as entered in the justice's court was not a judgment "by default" from which relief is provided to be given by the provisions of section 859 of the Code of Civil Procedure. Section 872 of the same code provides that judgment is to be rendered as if the defendant had failed to appear and answer or demur, where: "2. If the demurrer to the complaint is overruled and the defendant fails to answer at once." We have no doubt at all that under the provisions of the section last cited the judgment entered in the justice's court after demurrer and upon failure of defendant to answer is to be

treated as a default judgment, and as one which may be set aside upon sufficient facts appearing under the provisions of section 859 of the Code of Civil Procedure. The point is also made that the justice, as a condition to the granting of the motion to set aside the default judgment, should have required the moving party to pay costs. It is not made to appear that there were any costs claimed on the part of petitioner, or that, if any were claimed, they were not paid at the time the order was made by the justice. It was not necessary that the amount of costs be specified in the order granting the motion to vacate the default judgment. Furthermore, it is evident that the record presented to us does not contain a complete statement of all of the proceedings had in the superior court. It is not shown by this record what, if anything, was made to appear to the superior court regarding the matter of costs which might have been assessed by the justice in favor of the petitioner here, who was the plaintiff in the justice court action. The record, after setting forth the contents of the return made to the writ, contains only the following order of the superior court, which is evidently only a portion of the record then made: "It is further ordered that the amended return be filed and made part of the record in this case, and that the proceedings be and are hereby dismissed." In support of the order of the superior court we must assume, in the absence of a record showing the contrary to be true, that evidence was heard which would furnish facts in support of the order, and that, therefore, the superior court was satisfied from such evidence, either that there were no costs assessable against the defendant in the justice court action at the time her motion to vacate the default judgment was granted, or that such evidence showed that if there were such costs which were properly so assessable, they had been paid by the moving party.

The superior court made its determination in this proceeding in the form of an order dismissing the same. Upon return being made to the writ and hearing had thereon, judgment should have been entered affirming the order of the justice's court. However, as counsel have not presented any objections to the procedure taken, we have treated the order in the light of a judgment, and considered the questions presented upon

their merits and assumed that an appeal was proper to be taken from the order as made by the superior court.

The order appealed from is affirmed.

Allen, P. J., and Shaw, J., concurred.