[Civ. No. 1168.   First Appellate District.—February 25, 1913.]

E. F. TOWNSEND, Appellant, v. A. C. PARKER, as Justice of the Peace and EDWARD ECCLESTON, Respondents.

JUSTICE OF PEACE—CERTIORARI—MODIFICATION OF JUDGMENT BY SUPERIOR COURT.—Where on *certiorari* the superior court has approved an order of a justice's court, it may subsequently, under sections 662 and 663 of the Code of Civil Procedure, vacate its judgment in so far as it taxes costs against the justice, who was one of the respondents in the *certiorari* proceedings.

ID.—OPENING DEFAULT—COMPUTATION OF TIME—SUNDAY.—Where the ten days after notice of the entry of a default judgment in a justice's court expire on Sunday, the defendant has the following day in which to apply for relief from the judgment on the ground of mistake, surprise, or excusable neglect, under section 859 of the Code of Civil Procedure.

ID.—CONTINUANCE OF HEARING—JURISDICTION NOT LOST.—When a motion has been made to set aside a default within the time limited by section 859 of the Code of Civil Procedure, the court may, without losing jurisdiction, continue the hearing for argument or further evidence.

ID.—NOTICE BY MAIL OF ENTRY OF DEFAULT—INSUFFICIENCY OF AFFIDAVIT.—An affidavit of the service by mail of notice of the entry of a default judgment in a justice's court is insufficient, under section 1012 of the Code of Civil Procedure, if it fails to show that the person who made the service and the party upon whom it was made resided or had their offices at different places; and it cannot be considered on an application to set aside the default on the ground of mistake, surprise, or excusable neglect.

ID.—SECOND SERVICE OF PROCESS—EFFECT.—A second service of process does not waive the first service, nor can a second service of process effect a shortening of the time allowed a defendant under the law specified and applying to the first service.

ID.—CERTIORARI—FAILURE TO ANSWER PETITION.—Recitations in a petition for *certiorari* do not become admissions by reason of the respondent's failure to answer the petition. The return to the writ constitutes the answer as well as the evidence, and the case is heard thereon unless upon motion an additional and amended return is made.

ID.—SETTING ASIDE DEFAULT WITHOUT IMPOSING COSTS—ERROR NOT JURISDICTIONAL.—For a justice of the peace to set aside a default without imposing costs as a condition, while an error of law, is not jurisdictional and hence cannot be reviewed by *certiorari.*

ID.—CERTIORARI—RETURN TO WRIT—CERTIFICATION OF FACTS.—In a return to a writ of *certiorari* to review the action of a justice of the peace in vacating a default, he may certify evidence taken at the hearing to determine the controverted facts in relation to the service of summons.

APPEAL from a judgment of the Superior Court of San Joaquin County.   J. A. Plummer, Judge.

The facts are stated in the opinion of the court.

A. H. Carpenter, for Appellant.

Ben Berry, and Gordon A. Stewart, for Respondents.

MURPHEY, J., *pro tem.*—This is an appeal from a judgment of the superior court of the county of San Joaquin on *certiorari,* affirming and approving an order of the justice's court of Stockton township, made on the eleventh day of June, 1912, wherein the said justice of the peace set aside a judgment theretofore made and entered by him on the twenty-second day of December, 1911, in favor of plaintiff and against the defendant, on the ground of mistake, inadvertence, and excusable neglect.   The record includes also an appeal from an order of the superior court, modifying its judgment theretofore made, by "vacating said judgment insofar as costs were taxed against the defendant A. C. Parker," who was the justice of the peace and one of the respondents in the *certiorari* proceedings.

In passing it may be said that there is no merit in this appeal last mentioned.   The modification was to a portion of the judgment of the superior court from which no appeal was taken, and simply determined that the costs should be assessed against Eccleston, the real party in interest in the litigation, and relieving the justice of the peace from any responsibility on that account.   This procedure is fully warranted by law (Code Civ. Proc., secs. 662 and 663; *Gibson* v. *Hammang,* 145 Cal. 454, [78 Pac. 953]), and we are satisfied that the court wisely exercised its discretion.

The facts of the appeal under consideration are as follows: The appellant recovered a judgment in the justice's court of Stockton township against Edward Eccleston and F. E.

Quail. Suit was filed December 11, 1911, and summons was served on defendant Eccleston on December 13, 1911, in the county of Alameda. Subsequently on the sixteenth day of December, 1911, while in Stockton on business connected with the litigation, defendant Eccleston was, on leaving the office of the attorney for the plaintiff, again served with a copy of the summons and complaint originally served on him in Alameda County, defendant, however, contending that he knew nothing of this service. After the expiration of five days from this second service, to wit, on the twenty-second day of December, 1911, a default judgment was rendered against defendant. On the twenty-third of December plaintiff, according to the affidavit of one Marrs, mailed a copy of the judgment to defendant at the Hearst building, San Francisco, defendant Eccleston claiming, however, that he did not receive any notice of said judgment until the twenty-eighth day of December, 1911, when he did receive such notice through the mail.

On January 6, 1912, defendant's attorneys filed notice of a motion, together with affidavits in support thereof, to vacate and set aside the judgment of December 22, and noticed the same for hearing on the eighth day of January, 1912. The motion was actually heard and allowed on the tenth day of January, 1912, some thirteen days after defendant acknowledged receipt of notice of the entry of judgment.

Under these circumstances the appellant contends that the justice of the peace had no authority to grant the motion to vacate (Code Civ. Proc., sec. 859), more than ten days having elapsed.

Conceding that defendant had notice of the entry of judgment on the twenty-eighth day of December, the ten day period within which he must move expired on the seventh day of January, 1912; but as that day fell upon Sunday he had all of the following day in which to move; "as judgment was entered on the 20th and the last day of April was Sunday, defendant had until May 1st within which to make his application." (*Spencer* v. *Branham,* 109 Cal. 336, [41 Pac. 1095].)

Respecting the time when the motion was noticed and heard we find the following transcription of the justice's

docket embodied in the return to the *certiorari* made by the justice of the peace to the superior court: "Notice of motion to set aside default judgment and affidavits filed Jan. 6, 1912. On January 8, 1912, Ben Berry and Gordon A. Stewart, Esqs., counsel for defendant Edward Eccleston, appeared in court at the hour of 10 o'clock A. M., for the hearing upon the motion to vacate and set aside the judgment of default made and entered herein; but at said time A. H. Carpenter, Esq., informed the court that it would be impossible for him to take the matter up before January 10, 1912, at the hour of 9 o'clock A. M., and thereupon counsel for the defendant Edward Eccleston agreed to a continuance of motion until said last named date to accommodate plaintiff's counsel, and the hearing of said motion was regularly continued until January 10, 1912, at said hour of 9 o'clock A. M."

From an inspection of this record it will appear that the defendant did move on the eighth day of January, and that the plaintiff had notice of his intention so to do and requested a continuance to a future date. If the defendant was within the ten days' statutory limitation on the 8th the motion was made in due time, and the court, notwithstanding the continuance, had jurisdiction. In *Spencer* v. *Branham,* 109 Cal. 336, [41 Pac. 1095], the court says: "If the motion had been made, and the court continued the hearing for argument or further evidence, it would not have lost jurisdiction, for in such a case the application would have been made in time."

We now come to a consideration of the question as to whether the defendant was actually within the time on the eighth day of January; and in the determination of this matter the reasoning of the learned judge of the trial court seems conclusive. He says:

"Code Civ. Proc., section 1012, is as follows: 'Service by mail may be made, when the person making the service, and the person on whom it is to be made, reside or have their offices in different places between which there is a regular communication by mail.'

"Section 1013 of the same code provides the manner in which the paper constituting the notice must be inclosed in an envelope, addressed, postage prepaid, etc.

"The affidavit of service of the notice of the entry of judgment in said action is in the following words and figures:

" 'State of California,

" 'County of San Joaquin,—ss.

" 'O. L. Marrs, being duly sworn, says: That he is a citizen of the United States and a resident of the State of California, over the age of 21 years and not a party to or interested in the within entitled action; that on the 23rd day of December, 1911, he served the annexed notice of the entry of judgment on Edward Eccleston, one of the defendants therein named, by depositing a full, true and correct copy of such notice in the United States post-office at Stockton, California, duly inclosed in a sealed envelope upon which the postage was fully prepaid, and which said envelope containing said notice was plainly addressed to Edward Eccleston, 401–7 Hearst Building, San Francisco, California, which was the said defendant Edward Eccleston's last known residence or place of business; that between said Stockton, California, and San Francisco, California, there is a regular and daily communication by mail, and that this affidavit is made for and on behalf of the plaintiff, E. F. Townsend.

" '(Jurat)                          O. L. MARRS.'

"It will be observed that this affidavit fails to comply with the provisions of section 1012 of the Code of Civil Procedure hereinbefore quoted in that it fails entirely to show that the party making the service and the party upon whom the service is to be made reside or have their residences or offices in different places. This is one of the prerequisites and a condition which must exist before service by mail can be made, and the affidavit of such service must plainly and distinctly show such jurisdictional fact.

"In the case of *Linforth* v. *White,* 129 Cal. 188, [61 Pac. 910], our supreme court says:

" 'An affidavit of service of notice of appeal must show a strict compliance with the provisions of the statute, otherwise it is insufficient to establish the fact of service,' and in the absence of sufficient proof of the fact of service of the notice, the appeal must be dismissed.

"In that case, as in this, the attempted service was by mail, and the court held that an affidavit of service by mail

21 Cal. App.—21

of the notice of appeal must show that the attorneys for the appellant, whose duty it is to make the service, and the attorneys for the respondent, upon whom it is to be served, reside in different places between which there is a regular communication by mail; and the affidavit of service by mail by a third person which fails to show the residence of the attorneys for the appellant is insufficient.

"In the case of *Hogs Back Company* v. *New Basil Co.*, 63 Cal. 121, the court held an affidavit similar to the one at bar insufficient.

"Upon this affidavit a default was entered, and the supreme court set aside the default on the ground that there was no proof of the service of said amended complaint by mail as required by the codes."

"There are other California cases to the same effect, but these two are sufficient to show that the affidavit filed with the justice's court, purporting to show service of the notice of the entry of judgment in the action entitled 'E. F. Townsend *v.* Edward Eccleston et al.' constituted no proof of service thereof, and was not such an affidavit as the justice of the peace of said court could consider for any purpose. This being true, the question arises, When did the defendant Eccleston in fact have notice or receive notice of the entry of the default judgment hereinbefore referred to? In his affidavit on his motion to set aside and vacate the said default judgment the defendant swears that he received the notice by mail on the 28th day of December, 1911, and that he had no knowledge or notice of the entry of said judgment prior to said date. Whether said defendant did or did not in fact have knowledge or notice of the entry of said default judgment prior to said date cannot be considered because there is no other testimony on this question upon which either the court below or this court can act, and being the only testimony upon this question the court must conclude that notice of the entry of said default judgment was received and had by said defendant Eccleston on the 28th day of December, 1911.

"Sec. 859 of the Code of Civil Procedure provides that such motion must be made within ten days after notice of the entry of judgment. . . .

"That the second service of summons upon the defendant Eccleston was of no avail is clearly established by the cases of

*Mayenbaum* v. *Murphy,* 5 Nev. 317, and *Russell* v. *Millett,* [20 Wash. 212, 55 Pac. 44], as soon as that fact was made to appear in a proper proceeding before said court. A second service of process does not waive the first service, nor can a second service of process effect a shortening of the time allowed a defendant under the law specified and applying to the first service."

From what has been said we have no hesitancy in holding that the justice of the peace had jurisdiction to make the order vacating the judgment, and that the superior court correctly concluded that this action should be sustained.

Appellant contends for an entirely different statement of facts based upon the recitations of his petition for the writ of *certiorari,* which recitations, he maintains, became admissions by reason of the respondent's failure to answer the petition.

There is no merit in this contention. In *Stumpf* v. *Board of Supervisors,* 131 Cal. 364, [82 Am. St. Rep. 350, 63 Pac. 663], the court says: "The defendant also filed an answer to the petition for the writ, denying the allegations of the petition. This was irregular. The return to the writ constitutes the answer as well as the evidence, and the case is heard thereon unless upon motion an additional and amended return is made."

The appellant further insists that the justice of the peace had no jurisdiction to set aside said judgment without making said order conditional upon the payment of plaintiff's costs. This question is not jurisdictional, and no case cited by counsel supports his contention. The refusal of the justice to impose costs as a condition of making the order vacating the judgment was an error of law, for the correction of which the writ of *certiorari* may not be properly invoked. "The writ of review canot be used to correct errors of law or fact committed by the inferior tribunal within the limits of its jurisdiction." (*Sherer* v. *Superior Court,* 96 Cal. 653, [31 Pac. 565].)

In the return to the writ the justice of the peace certified to the superior court certain evidence taken at the hearing to determine the controverted facts in relation to the service of summons. Appellant specifies the certification of this evidence and the consideration of the same by the superior court as error.

We cannot agree with this contention. In *City of Los Angeles* v. *Young,* 118 Cal. 295, [62 Am. St. Rep. 234, 50 Pac. 534], the supreme court of this state said substantially that it is a universal rule of *certiorari* to determine from the record whether the inferior tribunal, court or board has exceeded its jurisdiction, and that evidence *de hors* the record and contradicting it is never permitted. After stating the common law rule the court concludes: "If the jurisdiction of the inferior tribunal depended upon a question of fact, that fact was never tried *de novo* upon its merits, but the inquiry thereupon was limited strictly to the evidence upon which the inferior tribunal acted." In the case at bar the procedure indicated by the language above set out was literally followed.

The judgment is affirmed.

Lennon, P. J., and Hall J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 25, 1913.