[Civ. No. 1607.   Third Appellate District.—December 19, 1916.]

## J. L. ARBOGAST, Petitioner, v. SUPERIOR COURT OF SACRAMENTO COUNTY et al., Respondents.

JUSTICE'S COURT—SETTING ASIDE DEFAULT WITHOUT IMPOSING COSTS—
ERROR NOT JURISDICTIONAL.—The setting aside of a default judgment by a justice's court, without imposing costs as a condition, is an error for which the case should be reversed, but the court is not thereby deprived of jurisdiction to proceed further with the cause.

ID.—RELIEF FROM DEFAULT—TIME—TEN DAYS AFTER WRITTEN NOTICE
OF ENTRY.—The time to file an application under section 859 of the Code of Civil Procedure, to be relieved from a judgment entered by default in a justice's court on the ground that such judgment had been taken by mistake, inadvertence, surprise, and excusable neglect, begins to run from service of written notice of entry of the judgment as required by section 893 of such code, as amended in 1915.

ID.—PERSONAL SERVICE OF SUMMONS—NOTICE OF ENTRY OF JUDGMENT
REQUIRED.—Service of written notice of entry of judgment is required in cases where personal service of summons has been made, as well as in cases of constructive service.

ID.—VACATING JUSTICES' COURT JUDGMENTS—CODE SECTION APPLICABLE.—Proceedings to vacate judgments of justices' courts are governed by section 859 of the Code of Civil Procedure, and not by section 473 of such code, as the latter deals with such proceedings in the superior courts.

APPLICATION for a Writ of Prohibition, originally made to the District Court of Appeal for the Third Appellate District, to restrain the Superior Court of the County of Sacramento from proceeding with the trial of an appeal from a justice's court.

The facts are stated in the opinion of the court.

Herbert N. De Wolfe, and H. N. Mitchell, for Petitioner.

Downey, Pullen & Downey, for Respondents.

BURNETT, J.—An action was brought by petitioner in the justice's court of Sacramento Township to recover for medical services performed for defendant therein. The complaint and summons in the action were personally served in said township, and the defendant failing to appear, the default and judgment against her for the amount claimed were regularly entered by the justice. Twenty-six days after the date of the entry of said default judgment, the defendant appeared by attorney and moved to set aside the judgment and for leave to file an answer, setting out in her affidavit in support of the motion that she was served with notice of said judgment less than ten days prior thereto. After consideration, the justice granted the motion. The record shows that he did not require the defendant to pay plaintiff's costs as a prerequisite to setting aside said judgment, although the amount thereof appeared in his docket, nor does the record show that said costs were paid. The case proceeded to trial on the merits, and judgment was rendered for the plaintiff in the sum of twenty dollars, the default judgment having been for thirty-five dollars. The plaintiff appealed to the superior court on questions of both law and fact. In the superior court the plaintiff-appellant interposed a motion to quash the judgment appealed from and for judgment of the superior court affirming said default judgment rendered in the justice's court. Said motion was denied, and thereupon

said plaintiff petitioned this court for a writ of prohibition to restrain said superior court from proceeding to the trial of said action, and to require it "to make and enter judgment in said action quashing the judgment of the justice of the peace therein appealed from and confirming the judgment of default theretofore and upon March 14, 1916, entered in said cause by said justice of the peace, upon the ground that said defendants have no jurisdiction to proceed to the trial of said action or to take any other or further action therein except to enter said judgment."

An alternative writ was issued by this court, and on the return thereof a general demurrer and an answer were filed by respondents. The latter, however, becomes immaterial in view of our consideration of the demurrer. At a glance it must appear that the proceeding is somewhat peculiar, in that the party who appealed to the superior court on questions of law and fact and thus invited its jurisdiction, is seeking to prevent said court from doing the very thing that he apparently sought. However, we may pass by the form of procedure and certain preliminary questions discussed by counsel, and come immediately to the two cardinal points to which the argument is mainly addressed. If the conclusion as to each of these should be in favor of respondents, it is manifest and admitted that petitioner must fail herein. They may be stated in the language of petitioner as follows: "We respectfully submit that the justice of the peace was without jurisdiction to set aside his default judgment without requiring as a condition that the defendant first pay plaintiff's costs in the action accrued to the date of such order.

"We further contend that where a defendant in a justice court is personally served with a summons and complaint, and fails to appear, and judgment by default is entered against him, that the time within which he may move to set aside said default judgment starts to run from the date of the entry of the judgment. In other words, that where a defendant is personally served with summons and complaint, such service amounts to notice of the entry of judgment."

These propositions are ably argued by petitioner with the citation of numerous cases bearing more or less upon the questions herein involved, but in this state they have both been authoritatively decided against him.

As to the first, in *Townsend* v. *Parker,* 21 Cal. App. 317, 323, [131 Pac. 766], it is said: "The appellant further insists that the justice of the peace had no jurisdiction to set aside said judgment without making said order conditional upon the payment of plaintiff's costs.   The question is not jurisdictional, and no case cited by counsel supports his contention. The refusal of the justice to impose costs as a condition of making the order vacating the judgment was an error of law for the correction of which the writ of *certiorari* may not be properly invoked."

The supreme court impliedly indorsed that view by denying a petition for hearing therein.   Petitioner claims that the doctrine of said decision is in conflict with other cases of the appellate and supreme courts of this state.   We do not agree with petitioner.   It has been held several times that such failure to impose costs is a serious error for which the case should be reversed, but our courts have not gone to the extent of deciding that thereby is the justice's court divested of jurisdiction to proceed further with the cause.

In his closing brief petitioner renews his attack upon *Townsend* v. *Parker,* stating that it "is a void decision and for that reason is an authority for no purpose."   He also declares: "What we have herein said concerning *Townsend* v. *Parker* will also apply to the case of *Fast* v. *Young,* 19 Cal. App. 577, [126 Pac. 854], also cited by defendants."   We may remark, however, that it is a little more difficult than the able counsel would seem to appreciate, to negative, nullify, and obliterate a serious and deliberate adjudication of an appellate tribunal. He is of the opinion that in the former case, "the court most certainly were not aware of the holding of the supreme court in the case of *Heermanr* v. *Sawyer,* 48 Cal. 562."   We apprehend, however, that said case did not escape either attention or examination.

Petitioner seems to misunderstand the bearing of that decision upon the position herein.   Therein the court did say that "it has always been held here that the imposition of costs upon the moving party was indispensable to the validity of the order opening the default."   But what actual disposition was made of the appeal by the supreme court?   The order setting aside the default was reversed, and the court directed that "on the return of the case the court below can, of course, rehear the application upon the moving papers, and upon such

other and further showing as it may permit to be made."
The foregoing is entirely in conflict with petitioner's conten-
tion. According to his view, the supreme court should simply
have reversed the order upon the ground that the lower court
had no jurisdiction to make it. And if any direction had
been given by the supreme court, it ought to have been to the
effect that the judgment as originally given should operate
and be enforced as the judgment of the court. In other
words, petitioner would have us believe that since the court
had no jurisdiction to make the particular order in question,
it has no authority subsequently to make an order that is per-
mitted by the statute. The making of an invalid order does
not exhaust the jurisdiction of the court in the matter. When
the invalid order is set aside, the court has the same power as
it had originally to make the order that the statute contem-
plates. It may be admitted that the justice court had no
jurisdiction to set aside the default without imposing the costs,
but it did have jurisdiction to relieve the party upon said
condition. And the same jurisdiction will exist when the in-
valid order is reversed. In other words, the error—it may be
called jurisdictional—affects the order only, and it does not
extend to the prior proceedings nor to a valid order that may
hereafter be made. The prerequisite conditions for a valid
order still exist, and we may presume that in the further
prosecution of the litigation, they will not be ignored.

Nor is the point controlled by *Johnson* v. *Superior Court,*
28 Cal. App. 618, [153 Pac. 404]. That case involved the
construction of section 981 of the Code of Civil Procedure
as to the payment of costs on appeal. The section provides
that unless the costs are paid at the time the notice of appeal
is filed, the appeal from the judgment shall not be effectual
for any purpose. The language of the section is such that no
other conclusion consistent with the declared intention of the
legislature could be reached than the one announced by this
court.

In the Townsend case, as stated by respondent, the briefs
contained a full discussion of the matter, and the cases cited
herein by petitioner were cited therein in the district court of
appeal and in the supreme court, and both courts were ap-
parently satisfied with the decision, and so are we satisfied.

As to the said second proposition, it is governed by the de-
cision of this court in *Peterson* v. *Superior Court,* 30 Cal. App.

466, [158 Pac. 547]. Therein the cases are reviewed and the conclusion is reached, and unequivocally declared, that "the time to file an application under section 859 of the Code of Civil Procedure to be relieved from a judgment entered by default in a justice's court on the ground that such judgment had been taken by mistake, inadvertence, surprise, and excusable neglect, begins to run from service of written notice of entry of the judgment as required by section 893 of the Code of Civil Procedure, as amended in 1915."

Here, again, we may say that in view of the plain and simple language of those two sections, any other conclusion would do violence to the expressed will of the legislature.

Nor can we perceive any force in the suggestion that where personal service of the summons is had, the defendant is deemed to have notice of the time of the entry of the judgment, and that actual notice is required only where there has been constructive service of summons. The statute makes no such distinction, and for us to recognize it would be to add something that the legislature has not provided. The statute is too plain and exacting to be frittered away in that manner. It does not recognize constructive notice. There must be actual knowledge brought home to defendant that the judgment has been entered. It is not sufficient that he be notified that judgment will be entered some time in the future if he fails to appear. It is true that in one or two other jurisdictions such distinction as to actual and constructive service of the summons has been made, but we are satisfied said sections of our statute contemplate no such distinction. It is the party who is in *default* that may move in the matter within ten days after he has received written notice of the entry of the judgment. We cannot perceive how anything can be added to the force of the provision by suggestion or analysis. Nor can we be aided by the consideration of section 473 of the Code of Civil Procedure which applies to the superior court. If that part of the code which expressly deals with proceedings in the justices' courts prescribes the powers of those courts in relation to a general subject, about which the powers of courts of record are expressly prescribed in another part, then the powers of the justices' courts with respect to that subject are to be looked for in the former and not in the latter provision. (*Weimmer* v. *Sutherland*, 74 Cal. 341, [15 Pac. 849].) Section 859 is in the title dealing with proceed-

ings in justices' courts, and provides for the vacating by justices' courts of judgments entered in said courts, while 473 is in that part of the code dealing with proceedings in superior courts, and provides for vacating judgments with certain conditions. (*Hubbard* v. *Superior Court,* 9 Cal. App. 166, [98 Pac. 394].)

We think petitioner has failed to state sufficient facts to justify the writ, and the demurrer is therefore sustained and the alternative writ is discharged.

Chipman, P. J., and Hart, J., concurred.