[Civ. No. 2191.    Second Appellate District.—January 26, 1917.]

## JOE A. BETTENCOURT, Petitioner, v. SUPERIOR COURT OF KINGS COUNTY, Respondent.

JUDGMENT—MOTION TO SET ASIDE DEFAULT—WHEN IN TIME.—An application to vacate the default of defendant and to set aside an interlocutory judgment for divorce, under section 473 of the Code of Civil Procedure, upon the ground of mistake, inadvertence, surprise, and excusable neglect, will be held to have been made in time, where the notice of motion, with affidavits and a copy of the proposed answer, was served and filed, and the motion noticed for a date within six months from the entry of the default and judgment, although the hearing of the motion was not had until after that time, the records showing that at the time noticed for the hearing, the motion came on regularly to be heard at this time, and it was continued by consent of the parties to a time beyond the six-months' period.

APPLICATION for a Writ of Review originally made to the District Court of Appeal for the Second Appellate District.

The facts are stated in the opinion of the court.

H. Scott Jacobs, for Petitioner.

J. L. C. Irwin, for Respondent.

CONREY, P. J.—On March 13, 1916, in an action for divorce wherein petitioner Joe A. Bettencourt was plaintiff and Antonia de Gelloria Bettencourt was defendant, and wherein the default of the defendant had been duly entered, an interlocutory judgment of divorce was duly filed and entered. In August, 1916, the defendant served and filed a notice of motion, together with affidavits and a copy of her proposed answer, stating in the notice that on September 11, 1916, she would move the court to vacate and set aside her default and the said interlocutory judgment, upon the ground that said default and interlocutory judgment of divorce were taken, made, and entered through the mistake, inadvertence, surprise, and excusable neglect of the defendant. The minutes of the superior court for September 11, 1916, show the following proceeding in said action: "The motion to vacate

and set aside the interlocutory decree of divorce, coming on regularly to be heard at this time, and H. Scott Jacobs, Esq., attorney for the plaintiff, and J. L. C. Irwin, Esq., attorney for the defendant, being present, it is ordered, by consent of attorneys for both parties, that the same be continued to Saturday, September 16th, 1916, at 10 o'clock A. M." The minutes of September 16th in the same action show the presence in court of the same attorneys, "and the motion to vacate and set aside the interlocutory decree of divorce, coming on regularly to be heard at this time, the same was argued by the respective counsel, and the court being fully advised, orders that said motion be granted." The foregoing facts appear from the return of respondent to the writ of review heretofore issued out of this court on petition of the plaintiff Joe A. Bettencourt.

The order setting aside the interlocutory decree was concerning a matter arising under section 473 of the Code of Civil Procedure, which authorizes the court to relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect, "provided, that application therefor be made within a reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken." Petitioner claims that from the foregoing record it appears that the application for relief was not made within six months after the thirteenth day of March, 1916, at which time the six-months' period mentioned in section 473 began to run; and therefore that the superior court was without jurisdiction to make the order of September 16th. If the record of proceedings had on September 11th is sufficient to support the inference that the application for relief was made on the eleventh day of September, then the fact that the continuance was had and the order was not made until September 16th would not impair the jurisdiction of the court. Notice that an application or motion will be made to the court at a specified time, even though such notice be filed, as well as served, is not itself an application or motion. And it has been held that where notice of motion for relief under section 473 was served and filed prior to the expiration of the six-months' period, and the notice gave warning that the motion would be made on the stated day, which was after the six months expired, the application was not made in time and the court was not authorized

to act thereon.   (*Thomas* v. *Superior Court,* 6 Cal. App. 629, 632, [92 Pac. 739].)

The principal difficulty with this case arises from the absence of a specific statement in the record that on September 11th the motion or application was made.   In *Herrlich* v. *McDonald,* 80 Cal. 472, [29 Pac. 299], the court was considering an appeal from an order refusing to recall an execution. Notice had been given that the motion would be made on a certain day.   The only thing tending to show that a motion was made was a recital in the order appealed from that "the cause came on to be heard this day on defendant's motion to vacate and set aside writ of execution."   The supreme court held that the record was insufficient to show that a motion was actually made.   But in *Townsend* v. *Parker,* 21 Cal. App. 317, [131 Pac. 766], the first district court of appeal reached a different conclusion upon somewhat similar facts.   The case was one referring to an order of the justice's court setting aside a judgment, and the question was whether the application was made within due time under section 859 of the Code of Civil Procedure, requiring that the application for such relief be made within ten days after notice of entry of judgment.   On January 6, 1912, notice of motion was given that the stated motion would be made on Monday, January 8th, which was the last day of the time within which the application might be made.   The justice's docket, as shown by the return to the writ of review, showed that on January 8th at the hour mentioned in the notice, attorneys for the plaintiff and attorneys for the defendant appeared "for the hearing upon the motion to vacate and set aside the judgment of default made and entered herein."   But at that time, upon request of the plaintiff's attorney and consent of defendant's attorney, the hearing of said motion was continued until January 10th, which was beyond the time limited for making such an application under section 859.   It was held by the district court of appeal that the foregoing facts stated in the docket of the justice were sufficient to make it appear that the defendant did move on the eighth day of January, and that the application was made within time.   The court thereupon affirmed the judgment of the superior court affirming and approving the order of the justice's court.   A petition for rehearing by the supreme court after judgment in the district court of appeal was denied.

32 Cal. App.—39

It appears to us that there is no material difference between the facts shown by the record in the present proceeding and the facts set forth in *Townsend* v. *Parker*. Upon the authority of that case, we hold that the application for relief by defendant in the case of *Bettencourt* v. *Bettencourt* was made within time. This is the more satisfactory conclusion also, because it is in harmony with the requirement of good faith between parties litigant. In substance, if not in form, the application was before the court on the eleventh day of September. It was treated as such, both by the judge and by the attorneys in the case. Under such circumstances this court should incline, as far as it reasonably may, toward construing the facts favorably to the jurisdiction of the lower court to proceed further, rather than to sustain an objection which was not urged at the proper time.

The order is affirmed.

James, J., and Shaw, J., concurred.