[Civ. No. 6750. First Appellate District, Division One.—March 9, 1929.]

MURIEL E. COLTHURST, Respondent, v. JOHN HARRIS, Appellant.

Joseph M. Raines for Appellant.

Harry I. Stafford and Daniel R. Shoemaker for Respondent.

CAMPBELL, J., *pro tem.*—This is an appeal from an order denying defendant's motion to vacate and set aside the default entered against him for failure to answer the complaint and to vacate the judgment entered thereon awarding plaintiff damages for personal injuries and nervous shock sustained while she was riding as a guest in defendant's automobile which was overturned, as it is alleged, through the reckless and negligent management of the automobile by the defendant. Respondent has moved for an

order affirming the judgment, but as the motion presents the same question raised on the appeal, we deem it unnecessary to pass separately upon the motion.

The summons was served on defendant on December 30, 1926; the default for failure to appear and answer the complaint was entered on February 3, 1927, and the judgment was entered on May 9, 1927. On May 18, 1927, defendant filed a notice of motion to set aside the default on the ground that the default and judgment were taken against him and entered through the mistake, inadvertence, surprise, and excusable neglect of himself and his attorney. On May 23, 1927, an amended notice of motion to set aside the default, order for judgment, and judgment was filed and noticed for Monday, June 6, 1927. Ten days before the motion was to be heard Attorney Stafford, representing plaintiff, in a letter to defendant's attorney requested a continuance to June 13th, to which defendant's attorney consented. The motion was regularly on the calendar, and the court in accordance with such request on June 6th made its order continuing the motion until June 13th. On June 13th by consent the court continued the motion until June 21st. On June 17th defendant's attorney received a telegram from plaintiff's attorney asking a continuance for one week, and defendant's attorney consenting, the court continued the motion as requested. On June 24th defendant's attorney received another telegram from plaintiff's attorney requesting a continuance of one week from June 27th, and defendant's attorney consenting, the motion was accordingly continued. Because of such continuance and the absence of the trial judge, the hearing of the motion went over until July 19th, when the court made its order continuing the motion until August 8th. The matter was then continued until August 15th at the request of appellant's counsel. The matter was finally heard on August 15th, and on September 12th the court made its order "that the affidavits filed present sufficient ground for the granting of the motion, but owing to the lapse of time, that the court has no jurisdiction to entertain the motion, and the motion is therefore denied." It is conceded that at no time from the filing and service of the notice of motion to set aside the default until August 15th—twelve days beyond the six months' period allowed by the statute (Code Civ. Proc., sec.

473)—did defendant appear in court and move the court to grant his application.

Appellant contends that as the motion was filed with the court; was regularly on the calendar on three occasions before it was finally argued and submitted on August 15, 1927, the motion was called to the attention of the court, and the court had to be and was made acquainted with the proceeding, and, therefore, the application was made within the meaning of section 473 of the Code of Civil Procedure, even though the continuance to August 15, 1927, when the motion was finally made, was beyond the six months' period. In this we do not agree with appellant. Section 473 of the Code of Civil Procedure provides that the court may "relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect; provided that application be made within a reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken." "A motion is properly an application for a rule or order, made *viva voce* to a court or judge. It is distinguished from the more formal applications for relief by petition or complaint. The grounds of the motion are often required to be stated in writing and filed. In practice the form of the application itself is often reduced to writing and filed. But making out and filing the application itself is not to make the motion. . . . The court must be moved to grant the order." (*People* v. *Ah Sam,* 41 Cal. 645, 650; *Spencer* v. *Branham,* 109 Cal. 336, 340 [41 Pac. 105].) In *Jones* v. *Superior Court,* 78 Cal. App. 163, 166 [248 Pac. 292, 293], in which case a petition for rehearing by the supreme court was denied, the court says: "To make an application is to make a motion (Code Civ. Proc., sec. 1003). To appear in court and announce one's readiness to make a motion is not the making of the motion any more than would be the service of notice that one will make a motion. That this latter procedure is insufficient is well established (*Herrlich* v. *McDonald,* 80 Cal. 472 [22 Pac. 299]; *Thomas* v. *Superior Court,* 6 Cal. App. 629 [92 Pac. 739]; *Wheelock* v. *Superior Court,* 67 Cal. App. 601 [227 Pac. 931]). The only provision of law under which respondent Bryant might proceed is explicit in its requirements that one who would avail himself of its aid shall not merely direct the court's attention to his presence

in court in the proceeding in which he is interested, but shall move for the particular relief desired, that is orally request that the court take action as indicated in his notice. (*People* v. *Ah Sam*, 41 Cal. 645; *Spencer* v. *Branham*, 109 Cal. 336 [41 Pac. 1095].)"

Appellant relies upon *Townsend* v. *Parker*, 21 Cal. App. 317 [131 Pac. 766], and *Bettencourt* v. *Superior Court*, 32 Cal. App. 607 [163 Pac. 682]. In the Townsend case counsel for the respective parties appeared in court for the hearing upon the motion to vacate and set aside the default and the hearing was continued to a later date beyond the statutory period. In that case the court says: "From an inspection of the record it will appear that the defendant did move on the eighth day of January, and that the plaintiff had notice of his intention so to do and requested a continuance to a future date. If the defendant was within the ten days' statutory limitation on the 8th, the motion was made in due time, and the court, notwithstanding the continuance, had jurisdiction." In the Bettencourt case counsel for the respective parties appeared in court within the time limited, and it was ordered by consent of the attorneys for the parties that the motion be continued to a date beyond the time limit of the statute, at which time, as stated in the opinion, the minutes of the court show the presence of the attorneys and recite: "And the motion to vacate and set aside the interlocutory decree of divorce, coming on regularly to be heard at this time, the same was argued by respective counsel, and the court being fully advised, orders that said motion be granted." Further the court says: "Petitioner claims that from the foregoing record it appears that the application for relief was not made within six months after the thirteenth day of March, 1916, at which time the six months' period mentioned in section 473 began to run; and, therefore, that the superior court was without jurisdiction to make the order of September 16th. If the record of proceedings had on September 11th is sufficient to support the inference that application for relief was made on the eleventh day of September, then the fact that the continuance was had and the order was not made until September 16th would not impair the jurisdiction of the court. Notice that an application or motion will be made to the court at a specified time, even though such notice be filed as well as served, is not itself an application or motion."

In the present case defendant's attorney did not appear and move the court pursuant to his notice of motion, nor did the attorneys for the parties appear in court pursuant to such notice and continue the matter to a later date for hearing, but the case was continued beyond the six months' limit of time by consent, and therefore the cases cited by appellant are not in point here.

The orders and judgment appealed from are affirmed.

Tyler, P. J., and Cashin, J., concurred.