HAINES, P. J.
 

 On November 24, 1933, plaintiff and appellant filed an action against defendant and respondent, in which a money judgment was sought. A writ of attachment against property of the defendant issued. A return of service of the summons was made by the constable of the township, purporting to show such service made on November 25, 1933. No appearance being made, judgment in the plaintiff’s favor by default was entered on December 15, 1933, for $273.31. Apparently the attempted attachment was unfruitful, for executions, from time to time issued, were returned unsatisfied. On February 28, 1938, defendant and respondent gave notice of a motion to vacate the judgment on the ground that he had not, in fact, been served with summons and was in Arizona on the date of its purported service upon him. This motion was on March 9, 1938, made in the municipal court, as the successor of the justice court, and, after examining witnesses, the municipal court entered an order reciting that the constable had made an erroneous return, due to a mistake in identity, thinking that he had served the defendant when he had not, in consequence of which the court proceeded to quash the service and set aside the judgment; and on application to it to set aside the order as beyond its power of granting relief, it refused to do so. Thereupon the present appeal from the orders quashing the service and vacating the judgment was taken.
 

 Prior to 1933 the power of justice courts to relieve from judgments taken against a party, on the general ground of inadvertence, surprise or excusable neglect was regulated by section 859, Code of Civil Procedure, which required the application for such relief to be made within ten days after notice of the entry of judgment. It was held that the cognate provisions of section 473, Code of Civil Procedure, were in
 
 *Supp. 765
 
 applicable to justice courts.
 
 (Arbogast
 
 v.
 
 Superior Court,
 
 32 Cal. App. 372, 378 [162 Pac. 909].) In 1919, section 900a, Code of Civil Procedure, was enacted providing with respect to justices of the peace that:
 

 “Said justice shall have power to set aside any void judgment upon motion of either party to the action after notice to the adverse party, and thereupon the action shall be treated as if no judgment had been entered.”
 

 Our attention has not been called to any decision adjudicating within what limit of time such action might in justice courts be taken under that section.
 

 In 1933 both sections 859, Code of Civil Procedure, and 900a, Code of Civil Procedure, were repealed and by amendment to section 34, Code of Civil Procedure, the same procedural provisions applicable to superior courts were in general made applicable to all trial courts. In the same year section 473, Code of Civil Procedure, was so amended as expressly to provide that:
 

 "The court . . . may on motion of either party after notice to the other party, set aside any void judgment or order. ’ ’
 

 This amendment made explicit a power which superior courts had always had independently of section 473 or of any other statutory provisions.
 
 (Richert
 
 v.
 
 Benson Lumber Co.,
 
 139 Cal. 671, 674 [34 Pac. (2d) 840], and many cases cited.) The only reason that we can think of, therefore, for writing it expressly into section 473, is the probability that the legislature, which must be presumed to have known that the power to set aside void judgments was inherent in courts of record, had some fear lest if it were not, after the repeal of sections 859 and 900a, Code of Civil Procedure, placed in some statute, courts not of record might be held not to possess it at all.
 

 As applied to superior courts, however, it was unquestionably the law prior to 1933, that attacks by motion upon judgments void for want of jurisdiction but not appearing to be void on their faces, must be made within a reasonable time, and the courts were held to be limited in deciding which was a reasonable time, not under section 473, Code of Civil Procedure, but by analogy to it, to a maximum of one year after the entry of the judgment except in the single case of actual fraud on the part of the process server in making a false return. (See discussion in
 
 Bichert
 
 v.
 
 Benson Lumber Co., supra.)
 
 That having been the settled rule
 
 *Supp. 766
 
 with respect to superior court proceedings had prior to the amendment to section 473 in 1933, we see no reason to believe that the legislature intended to deal with the question of the
 
 time
 
 within which motions to set aside such judgments might be made by the amendment. The new language inserted in the section contains nothing purporting to govern the matter. In these circumstances we think the former rule that a reasonable time only should be allowed ought to be held still to prevail, and that, by analogy, to the limit fixed by section 473a in cases generally where personal service has not been made (as e. g., in case of service by publication), that the motion must still be made within the year next following the entry of judgment (except in the case of bad faith on the part of the process server or person responsible for the actual making of the return of service).
 

 This view does not preclude the seasonable commencement of a suit in equity to set aside a judgment appearing on its face to be good but in fact void, in which case a different limitation of time would apply.
 
 (Richert
 
 v.
 
 Benson Lumber Co., supra.)
 

 The orders appealed from are reversed.
 

 Griffin, J., and Turrentine, J., concurred.