## WHYLER and Another v. VAN TIGER.

### No. 11,931; August 31, 1887.

14 Pac. 846.

**Guardian—Execution of Lease Before Receiving Letters.—** Where a mother was appointed guardian of the person and estate of her minor son, and on the same day presented her bond, which was approved, a lease made by her of the ward's property on the following day was held valid, though no letters of guardianship had been issued to her, and she had not taken the oath of office.[1]

---

[1] **Cited** in Elizalde v. Elizalde, 137 Cal. 637, 70 Pac. 862, as a case going much further than necessary for disposing of the one under consideration, in which the complaint alleged that the person concerned had "duly qualified as guardian."

Cited in Dennis v. Bint, 122 Cal. 43, 68 Am. St. Rep. 17, 54 Pac. 380, where the court say the "case well illustrates the tendency of the law to discountenance the collateral impeachment of the authority of such officers." It goes on to say that in the case of an administrator who has sold land, the question to be considered is, Had the letters actually issued to him?

**Guardian—Lease in Individual Name.**—A lease purporting to be made by one tenant in common in her own right, and as the guardian of the estate of her cotenant and ward, is valid, although signed and delivered as her individual deed.

APPEAL from Superior Court, Sutter County; Phil. W. Keyser, Judge.

This action was brought by Joseph Martin Whyler to recover the possession of the undivided one-half of three hundred acres of land situated in Sutter county, California, for an accounting of the rents and profits, and for one hundred and fifty dollars damages for withholding possession. The land in controversy was leased to Henry Van Tiger by Mary E. Whyler, as guardian of the estate of Joseph Martin Whyler, but the lease was signed and delivered as her individual deed.

The cause was tried by the court, a jury being waived, and the court found from the evidence and admissions of counsel the following facts:

"(1) That the plaintiff is a minor, under the age of fourteen years, and now is, and more than two years last past has been, a resident of Sutter county, California, and has estate therein. (2) That on the twenty-eighth day of September, 1885, Mary E. Whyler, who was the mother of said minor, filed her petition with the clerk of this court, asking to be appointed the guardian of the person and estate of said minor, Jos. M. Whyler; and thereupon, by an order entered on its minutes and without notice, this court appointed her such guardian, and fixed her bond at one thousand dollars; and thereafter, to wit, on the twenty-ninth day of September, 1885, she presented her bond conditioned according to law, and the order of said court, which, on the same day, was duly approved by the judge thereof, and she immediately entered upon the discharge of her duties as such guardian. No letters of guardianship were issued to said Mary E. Whyler, nor did she take the oath of office. (3) That on the third day of May, 1886, John T. Allment and Mary E. Whyler filed their petition with the clerk of this court, asking that said John T. Allment be appointed guardian of the estate of the said minor, Joseph M. Whyler; and thereupon, by an order entered in its minutes, and without notice, this court appointed John T.

Allment guardian of the estate of said minor, and fixed his bond at five hundred dollars, and thereafter, to wit, on the fourth day of May, 1886, the said John T. Allment presented his bond, conditioned according to law, and the order of said court, which on the same day was duly approved by the judge thereof; that letters of guardianship were issued to said John T. Allment, and thereafter, to wit, on said last-mentioned day, the said John T. Allment took and subscribed the oath of office. (4) That said plaintiff and Mary E. Whyler were, on the twenty-eighth day of September, 1885, ever since have been, and now are, the owners in fee as tenants in common, in equal shares, of the land and premises described in plaintiff's complaint. (5) That on the thirtieth day of September, 1885, the said Mary E. Whyler, acting for herself, and also as guardian of the estate of said minor, Jos. M. Whyler, duly made, executed, and delivered to defendant a written lease of said premises for the period of four years from the date thereof; that on said last-mentioned day said defendant entered into the possession of said premises, and ever since has held, and now holds, the possession thereof, as the lessee thereof.

"(1) As conclusions of law, I find that Mary E. Whyler was the legal guardian of the person and estate of said minor, Jos. Martin Whyler, at the time she executed the lease to the defendant of the premises in controversy. (2) That she executed and was authorized to execute said lease, at the time it bears date, for herself and as such guardian, to said defendant, and that said lease conveyed to said defendant the right of possession of said premises. (3) That said defendant entered into possession of said premises under and by virtue of said lease, and is now and was on the fifteenth day of May, 1886, entitled to and is and was lawfully in the possession thereof. (4) That the defendant is entitled to judgment against the plaintiff for costs."

J. H. Craddock for appellant; Stabler & Bayne and Sanborn & Phipps for respondent.

By the COURT.—There is no error in the record. We think that Mrs. Whyler was a guardian when she executed the lease to defendant, and that the lease was properly executed.

The judgment must be affirmed. So ordered.