[No. 14314.   Department One. — December 24, 1892.]

SALINAS CITY BANK, RESPONDENT, *v.* GEORGE W. DE WITT, DEFENDANT, AND WILLIAM DE WITT, APPELLANT.

PARTNERSHIP — EVIDENCE — DECLARATIONS OF CO-DEFENDANT. — Declarations of one defendant, to the effect that another defendant and he were partners, made in the absence of such other defendant, are incompetent, as against the latter, to establish the fact of partnership, when such fact is in issue.

ADMISSION OF INCOMPETENT EVIDENCE — APPEAL — PRESUMPTION OF IN‑ JURY. — Where there is a conflict of evidence upon an issue in a case, all the evidence upon that point becomes material, and the introduction of any incompetent testimony is presumed to cause an injury to the opposite party.

APPEAL from a judgment of the Superior Court of Monterey County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*S. F. Geil,* and *H. V. Morehouse,* for Appellant.

The declarations of George W. De Witt that he was a partner of William De Witt were inadmissible. (*Vander-hurst* v. *De Witt,* 95 Cal. 57; *Cowan* v. *Kinney,* 33 Ohio St. 422; *Flanagin* v. *Champion,* 2 N. J. Eq. 54; *Dutton* v. *Woodman,* 9 Cush. 255; 57 Am. Dec. 46; *Whitney* v. *Ferris,* 10 Johns. 66; *McPherson* v. *Rathbone,* 7 Wend. 216; *Butte Hardware Co.* v. *Wallace,* 59 Conn. 336.)

*Parker & Nouges,* for Respondent.

HARRISON, J. — The plaintiff seeks to establish a joint liability against the defendants for the amount of an over-draft at its bank. The making of the over-draft was by the defendant George De Witt, and the plaintiff seeks to hold the defendant William De Witt liable therefor by showing that a partnership relation existed between the two. The complaint, which is unverified, alleges "that the defendants are indebted to the plaintiff, on account of moneys had and received by them from the plaintiff

at their special interest and request, in the sum of $865,"
and "that the amount of the said indebtedness is the
balance of an account had by the defendants with the
plaintiff, wherein the defendants deposited money with
the plaintiff and drew money from the plaintiff, and the
said sum is the balance of the said account, consisting
of what is called an over-draft, and interest thereon."
To this complaint the defendant William De Witt made
a general and specific denial.    The case was tried by the
court, judgment was rendered against him, from which,
and also from an order denying his motion for a new
trial, he has appealed.

It was essential for the plaintiff, in order to fix the
liability of William for the acts of George, to show that
a relation of partnership existed between them, or that
by virtue of some express or implied authority, George
was the agent of William in making the over-draft; and
in order to establish this relation, several witnesses were
permitted to testify on behalf of the plaintiff to certain
declarations made by George, in the absence of William,
that William and he were partners.  The appellant duly
objected to this testimony, but his objections were over-
ruled, and these rulings of the court are now assigned as
error.

The admissibility of such evidence was before this
court in an action against the same defendants ( *Vander-
hurst* v. *De Witt*, 95 Cal. 57), and it was there held to
be a settled rule of law that such evidence is incompetent
to establish the fact of partnership; and upon the au-
thority of that case the judgment and order denying a
new trial herein must be reversed.

The respondent appears to concede that the admission
of this testimony was error, but urges that it was an
immaterial error, for the reason that there was other
evidence before the court sufficient to sustain its finding
upon this issue.    We cannot, however, accede to this
proposition.    The fact that appellant held such relation
was controverted both by the pleadings and at the trial,
and the evidence offered in support thereof, aside from

the acts and declarations of George, was chiefly circumstantial, or of matters from which such relation might be inferred. The appellant himself testified: "I know George De Witt. The only relation I ever had with him was, I let him have my thrashing-machine, machinery, horses, plows, wagons, harness, etc., and he was to carry on the thrashing and farming business, and pay all expenses, and pay me for the use of my property one half the net proceeds." If this was true, then, as was held in Vanderhurst's case, the relation of partnership did not exist between them. In any view of the case, there was a very sharp conflict of testimony upon the issue, and "in such a case all the evidence upon that point becomes material, and the introduction of any incompetent testimony is presumed to cause an injury to the opposite party, and we cannot determine the weight which the court below gave to this testimony in reaching its conclusion upon this controverted point." (*Smith* v. *Westerfield*, 88 Cal. 383.) The fact that the court received the testimony after proper objection had been made to its introduction raises the presumption that it believed it entitled to consideration, and we must assume that it did give it some weight in determining the issue. As was said in *Smith* v. *Westerfield*, 88 Cal. 383: "If the respondents believed that this testimony of the witness was unnecessary for the purpose of establishing their case, they should have declined to introduce it after the objection had been made thereto. They cannot now, after insisting upon a ruling in their favor, and introducing the testimony, say that the error was harmless."

The judgment and order denying a new trial are reversed.

PATERSON, J., and GAROUTTE, J., concurred.