[S. F. No. 2214.   In Bank.—April 6, 1900.]

R. E. HOUGHTON, Petitioner, v. SUPERIOR COURT OF RIVERSIDE COUNTY et al., Respondents.

BILL OF EXCEPTIONS—AMENDMENTS NOT PROPOSED—PRESENTATION FOR SETTLEMENT—CONSTRUCTION OF CODE.—Where no amendments are proposed to a proposed draft of a bill of exceptions, or if proposed are acceded to, the proponent of the bill is not required, by the terms of section 650 of the Code of Civil Procedure, to present the same to the judge for settlement within ten days, and no absolute time is limited in such case in which the judge can certify the bill.

Id.—Skeleton Draft—Engrossment Before Presentation—Necessary Delay.—Where, in accordance with the practice created by the profession, the proposed bill of exceptions was in the form of a skeleton draft, for the insertion of documents and exhibits, and the attorney proposing and serving the same by mail resided over five hundred miles distant from the court, and from the attorneys of the opposite party, a delay of forty-one days after amendments were due, during which time it is admitted that the attorney proceeded diligently to engross the proposed bill by copying into it all the exhibits referred to, making in all five hundred and twenty-five typewritten pages, and to forward the same as soon as the engrossment was completed, to be presented to the judge for his certificate, cannot be held to be unnecessary, or to have at all delayed the certification of the bill by the judge, where it does not appear that his settlement thereof would require a new engrossment.

Id.—Refusal to Settle Bill under False Construction of Code—Mandamus.—Where the refusal of the judge of the superior court to settle a bill to which no amendments were proposed was based upon an erroneous construction of the code, upon the alleged ground that the bill was not presented for settlement within the time required by law, and because the delay beyond that time was unnecessary and without excuse; and the question of reasonable delay under the true construction of the code, in view of the admitted facts, was not passed upon by him, *mandamus* will lie from this court to compel him to settle the proposed bill.

MANDAMUS from the Supreme Court to compel the Judge of the Superior Court of Riverside County to settle a bill of exceptions upon appeal from an order of said Court. J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

R. E. Houghton, Petitioner, *in pro. per.*

Purington & Adair, for Respondents.

TEMPLE, J.—This is an application for a writ of mandate, directed to the judge of the above court, requiring him to settle and certify a bill of exceptions to be used on an appeal from an order made after judgment. The draft of the proposed bill was served in proper time, August 19, 1899. Some of the parties upon whom the proposed bill was served resided in San Francisco, where appellant's counsel has his office; others resided at Riverside and in Los Angeles, and these were served by mail.

The distance from San Francisco to Riverside is five hundred and forty-seven miles. The proposed bill consisted of sixty-seven pages typewritten matter, and included many exhibits, which were parts of the pleading or were on file in the case. These exhibits were not copied into the proposed bill, but were referred to and the statement made in brackets as to each "[here insert]." Upon this service the amendments became due September 20th. After the lapse of this time, during which no proposed amendments were served, petitioner proceeded to engross the proposed bill, copying into it all the exhibits referred to, making, when engrossed, five hundred and five typewritten pages. This was sent by express from San Francisco to Riverside on the thirty-first day of October, 1899, and was presented to the judge for his certificate on the second day of November, 1899. The order appealed from was an order substituting C. L. McFarland as attorney for W. E. Atwater, in place of petitioner, in the case of *Matthew Gage v. W. E. Atwater et al.,* and after judgment entered in that case. November 6th notice was served on the petitioner that his former clients would move the court for an order refusing to settle and certify said bill of exceptions and striking the same from the files, on the ground that the draft of the bill was not presented for settlement within the time required by law. The motion was heard and taken under advisement, and on December 16, 1899, the judge made an order as follows: "The objection made by said Atwater to the court settling said bill of exceptions is sustained, and the court declines and refuses to settle said bill of exceptions for the reason that said bill of exceptions was not presented to the judge of the court or the clerk thereof within the time provided by law, and also for the reason that the delay in presenting said bill within the time provided by law was unnecessary and without excuse."

The procedure in such matters is prescribed by section 650 of the Code of Civil Procedure. It is there provided that if amendments to the bill are proposed, the bill and amendments proposed must be presented to the judge within ten days thereafter, on five days' notice to the adverse party, or to the clerk of the court for him, but if no amendments are proposed, or, if proposed, they are acceded to, the statement may be presented

to the judge without notice. Within what time is not stated. Respondent contends that it is still to be presented within ten days, and that the only difference in the case, where amendments are proposed, and where there are none, is that in the last case notice is not required. But this construction is impossible. When amendments are served the bill and amendments must be presented within ten days "thereafter." The word "thereafter" can refer to no point of time in case of non-proposal of amendments. The last day upon which amendments could be proposed is not expressly mentioned in the section, and cannot, therefore, be pointed at by the adverb of time. But the code does not require that the proposed statement and amendments shall be presented to the court or judge for settlement within ten days after amendments are proposed. It may be left with the clerk, who shall hand it to the judge at once, if he be in the county, and as soon as he returns, if he be out of the county. But this is not for settlement, but to enable the judge to fix a day when he will hear the matter, of which appointment the clerk must give notice. No time is limited for the settlement in this case any more than when the statement or bill is agreed to by failing to propose amendments. We cannot know absolutely, then, by mathematical demonstration, that the settlement of the bill was delayed by the course pursued, if we adopt the view advocated by the attorney for the respondent, that the bill should have been presented for settlement within ten days, and that, as in the case when amendments have been proposed, it may be left with the clerk for the judge.

Petitioner states in his petition, and this is not controverted, that he proceeded diligently to engross the bill as soon as it was agreed to by failing to propose amendments, and presented it for settlement as soon as possible. In reply it is urged that the bill should not have been engrossed before it was settled. The bill of exceptions is not, however, really settled until it has been certified to as correct, and this cannot be done until it has been engrossed, if engrossing is necessary.

In fact, the idea of engrossment of a bill of exceptions is not suggested in the code. Nor does the practice of proposing a bill in skeleton form find any support in the language used.

This practice has been created by the profession, and is possible simply because no absolute limit is placed upon the time within which the judge can certify to the bill. But recognizing the practice the certification of the bill in question was not delayed for an hour by the course taken, unless the bill as presented was found defective by the judge and such alterations were required as would necessitate a new engrossment. It is not suggested that the bill is in any respect defective, and even if it was found so, a new engrossment could hardly have been necessary if the judge only did what he was expressly authorized to do by the language of section 650. That requires him to strike out all redundant and useless matter so that the exception may be presented as briefly as possible. A material alteration would hardly be made in the absence of one of the parties, who has not been notified of the settlement, because he has agreed to the proposed bill. The judge cannot be required to certify to a bill which he knows to be incorrect, but if material alterations are required both parties should have an opportunity for a hearing. And I think we may also assume that when the parties agree upon a statement or a bill of exceptions the judge very seldom makes amendments, and it was reasonable for Houghton to suppose that none would be made in this case. He had a right to assume, therefore, even had he construed the statute according to the construction here given, that he was hastening the settlement.

I think it must be held that the presentation of the bill to the judge was not unnecessarily delayed. The respondent has never passed upon this question upon the construction of the statute here presented. The motion granted was based upon the objection that the bill was not presented for settlement within the time required by law. It was granted for that reason and because the delay was unnecessary and without excuse. Evidently the counsel in making the motion, and the judge in granting it, both believed that the period was expressly limited, and that the question was like that determined in *Stonesifer v. Kilburn,* 94 Cal. 33, whether petitioner could be excused for a supposed failure to present the matter within a period fixed by law. Such was not the case, and the refusal

to settle the bill was really based upon an erroneous construction of the code.

I think the writ should be made absolute, and it so ordered.

Harrison, J., Van Dyke, J., Garoutte, J., McFarland, J., Henshaw, J., and Beatty, C. J., concurred.