[S. F. No. 8323. Department Two.—December 7, 1917.]

In the Matter of the Guardianship of the Persons and Estates of FRANK BEVERLY MOREHOUSE et al., Minors; FRANK B. MOREHOUSE, Guardian, etc., Appellant; MERLE M. MOREHOUSE, Respondent.

JUDGMENT—MISTAKE OR INADVERTENCE—VACATING ON MOTION—TIME FOR MAKING MOTION.—Under section 473 of the Code of Civil Procedure it is not sufficient that notice is given within six months after the date of a judgment, order, or proceeding that a motion will be made for relief from such judgment, order, or proceeding, on the ground of mistake, inadvertence, or neglect, but the motion itself must be made and action of the court requested within the six months.

GUARDIAN AND WARD—GUARDIAN OF MINORS—ORDER APPOINTING—NOTICE OF APPLICATION.—Where the father of minor children, whose mother had removed them from the family home to another county, retook them and brought them back to the family home in the county of his residence, notice of an application by the father to

all the relatives of the children living in the latter county was sufficient to support.an order of the superior court appointing him their guardian.

ID.—APPOINTMENT OF GUARDIAN OF MINORS—JURISDICTION—NOTICE.— The only jurisdictional notice required of an application for the appointment of a guardian for a minor is one to be given to the person having the custody of the minor.

APPEAL from an order of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

H. I. Stafford, and W. F. Stafford, for Appellant.

Arthur H. Barendt, for Respondent.

HENSHAW, J.—The facts on this appeal are not in dispute. On January 3, 1916, the appellant, Frank B. Morehouse, and the respondent, Merle M. Morehouse, his wife, separated. There were two minor children of the marriage. The mother took the two small children from the family home in San Francisco and went to Alameda County, where she still resides. The father remained at the family. home in San Francisco. On June 18, 1916, the father went to Alameda and brought the children back to San Francisco, writing to his wife that he had done so and inviting her to return to the family home. She neither answered nor returned. On August 3, 1916, he filed a petition in the superior court of the city and county of San Francisco for the appointment of himself as guardian of the children.. The only relatives of the children residing in San Francisco at the time were Mrs. Stewart, an aunt, and Frank B. Morehouse, a grandfather. They both requested the appointment of appellant in writing, and both had notice of the application.

On August 3, 1916, an order was made appointing appellant guardian of the persons and estates of the minors. On February 1, 1917, the mother gave notice that she would move to set aside this appointment on February 9, 1917, which last date is more than six months after the order appointing appellant guardian was made and given. The motion was made on February 9, 1917, and was based on the ground of fraud and lack of jurisdiction. The charges of fraud were voluntarily withdrawn and the court found that no fraud

had been practiced or attempted, but the court made its order vacating the appointment on the ground that "the same was inadvertently made, in that the court had no jurisdiction to do so." As a motion for relief, predicated upon the provisions of section 473 of the Code of Civil Procedure, the motion having been made more than six months after the date of the judgment, the court should have refused to entertain it. (*People* v. *Ah Sam,* 41 Cal. 645; *Spencer* v. *Branham,* 109 Cal. 337, [41 Pac. 1095]; *Estate of Eikerenkotter,* 126 Cal. 54, [58 Pac. 370].) It is not sufficient that notice shall be given within the six months that a motion will be made after the six months. The motion itself must be made and the action of the court requested on it within the six months.

It follows, therefore, that the order of the court vacating the appointment can be upheld only if the decree making the appointment is void on its face. It is contended that it so void for lack of notice. It has been said that all of the relatives in the city and county of San Francisco appeared and requested the appointment of the appellant in writing, and the order appointing the guardian recites this and the additional fact that they had notice. In *Whyler* v. *Van Tiger,* 2 Cal. Unrep. 800, [14 Pac. 846], a guardian, as here, had been appointed without any notice. It was so found and an attack was made upon the acts of the guardian so appointed as being without authority. This court declared that "We think that Mrs. Whyler was a guardian when she executed the lease to the defendant." The only jurisdictional notice required is one to be given to the person having the custody of the minor. (*In re Lunberg,* 143 Cal. 402, [77 Pac. 156]; *Estate of Eikerenkotter, supra;* Code Civ. Proc., sec. 1747.)

This disposes of the ground upon which manifestly the court acted in setting aside the decree. Respondent, however, further argues that the order of appointment is void on its face as not being in accordance with and supported by the allegations of the petition, and also that the court was without jurisdiction to deprive the mother of her maternal rights under the facts pleaded and found. Without regard to the merits of the contentions thus advanced, it must suffice to say that they are not such as to establish a lack of jurisdiction to make the decree appointing a guardian, nor yet sufficient to establish that the decree so made is void on its

face. For any relief against the decree appointing the guardian the respondent must proceed by direct action, and not by motion such as the one here under consideration.

The order appealed from is therefore reversed.

Melvin, J., and Lorigan, J., concurred.