[Civ. No. 5310.   Second Appellate District, Division Two.—May 25, 1926.]

## G. H. JONES, Petitioner, v. THE SUPERIOR COURT OF SAN DIEGO COUNTY et al., Respondents.

[1] APPEAL—JUDGMENTS—KNOWLEDGE OF RENDITION.—That a defendant had actual knowledge of the rendition of a judgment against him is conclusively established by the fact that he filed a notice of appeal therefrom.

[2] ID. — REQUEST FOR PROCEEDINGS — MOTION FOR RELIEF — TIME.—A motion, under section 473 of the Code of Civil Procedure, for leave to file a request for transcript of the trial proceedings and an order directing the clerk to forward said transcript to the supreme court, if made more than six months after the filing of notice of appeal, is too late.

[3] ID.—NOTICE OF MOTION—INSUFFICIENT APPLICATION.—Where the party desiring relief under section 473 of the Code of Civil Procedure files a notice of motion for such relief, but does not serve same, and thereafter appears in open court, calls attention to his motion and the affidavit in support of it, and states that he is ready to proceed, but does not make any motion for the relief desired, he has not met the requirement that application for relief must be made as specified in section 473 of the Code of Civil Procedure.

[4] ID.—Where appellant's motion for leave to file a request for transcript of the trial proceedings and for an order directing the clerk to forward said transcript to the supreme court is made more than six months after notice of rendition of judgment, such relief is not sanctioned by section 473 of the Code of Civil Procedure; and where the superior court grants such relief, prohibition will lie to prevent said court from settling and certifying the reporter's transcript.

(1) 4 C. J., p. 420, n. 41 New.   (2) 4 C. J., p. 420, n. 41 New.
(3) 4 C. J., p. 420, n. 41 New.   (4) 32 Cyc., p. 614, n. 2.

PROCEEDING in Prohibition to prevent the Superior Court of San Diego County, and W. P. Cary, Judge thereof, from settling and certifying reporter's transcript.  Peremptory writ granted.

The facts are stated in the opinion of the court.

2.  See 2 Cal. Jur. 631.

Herbert C. Kelly for Petitioner.

Sloane & Sloane and A. G. Reily for Respondents.

CRAIG, J.—Among others, the respondent W. J. Bryant was made a defendant in a suit brought by petitioner in the Superior Court of San Diego County; later a judgment was rendered in favor of the plaintiff. This was on the sixteenth day of April, 1925, and it was entered on the following day. On the twenty-seventh day of May, 1925, Bryant filed a notice of appeal and request for transcript of proceedings with the county clerk. On October 13, 1925, he, through his counsel, filed a notice stating that on the nineteenth day of October he would move the court for an order allowing him to file a request for transcript of the proceedings and an order directing the clerk to forward said transcript to the supreme court. The notice indicated that the motion would be for relief under section 473 of the Code of Civil Procedure because of mistake, etc., in making a request for transcript more than ten days after notice of the entry of judgment, and stated that it would be based on two affidavits which were filed with the notice of motion. Bryant's counsel appeared in court at the time designated, called attention to his notice and affidavits, and announced his readiness to present the motion. At that time counsel for petitioner was not present; there was no showing in the record then, and is none now, that he had been served with notice that the motion would be made, and the court requested that counsel for Bryant procure the attendance of counsel on the other side, and stated that when this was done the matter would be taken up. It appears that on the second day of December another notice similar to that last mentioned was filed, and on December 21, 1925, pursuant thereto, counsel for petitioner and for respondent Bryant were in court. Thereupon the latter made the motion noticed to be made at that time. No entry was made by the clerk of any proceeding on the 19th of October, but on the twenty-first day of December the court made the following order, *nunc pro tunc:*

"*Nunc Pro Tunc* Minute Entry as of Monday, October 19th, 1925, at 10 o'clock a. m. thereof.

"This being the time heretofore noticed for the hearing of the defendant W. J. Bryant's Motion for Relief under Section 473 of the Code of Civil Procedure, comes now the defendant W. J. Bryant herein by counsel A. G. Reily, Esq., and announced that he was ready to present said motion. The plaintiff not appearing and it appearing that counsel for said plaintiff had heretofore notified the Court that he desired that no Proceedings be had in said cause in his absence, said hearing is continued by the Court until such date as may be agreed upon by and between respective counsel herein."

Also, on the twenty-first day of December, an additional affidavit was filed in support of the motion for relief. Over objections by petitioner the court granted the application, and this court has been asked to prohibit the Superior Court from settling and certifying the reporter's transcript of proceedings.

[1] There is some dispute as to whether or not respondent Bryant was, prior to October 14, 1925, served with notice that judgment had been rendered. That he had actual knowledge of the rendition of the judgment is conclusively established by the fact that he filed a notice of appeal therefrom on the twenty-seventh day of May, 1925. (*Fiske* v. *Gosbey*, 168 Cal. 334 [143 Pac. 611].)

[2] It is clear that if respondent Bryant's motion was first made on the 21st of December it was too late, for before that time more than six months had elapsed since his notice that judgment had been rendered. Therefore the jurisdiction of the trial court to grant the relief sought hangs primarily upon the legal effect of what transpired on the nineteenth day of October. If counsel then made a motion he was in time; if he did not he was too late. [3] Regarding the matter most strongly with a view to upholding the action of the trial court, all that can be said is that after having filed, but not having served, the motion for relief under section 473 of the Code of Civil Procedure, counsel for respondent Bryant appeared in open court, called attention to his notice and the affidavit in support of it, and stated that he was ready to proceed. We have no hesitation in saying that this does not measure up to the requirement that application for relief must be made as specified in said section 473 of the Code of Civil Procedure. To

make an application is to make a motion. (Code Civ. Proc., sec. 1003.) To appear in court and announce one's readiness to make a motion is not the making of the motion any more than would be the service of notice that one will make a motion. That the latter procedure is insufficient is well established. (*Herrlich* v. *McDonald,* 80 Cal. 472 [22 Pac. 299]; *Thomas* v. *Superior Court,* 6 Cal. App. 629 [92 Pac. 739]; *Wheelock* v. *Superior Court,* 67 Cal. App. 601 [227 Pac. 931]; *In re Morehouse,* 176 Cal. 634 [169 Pac. 365].) The only provision of law under which respondent Bryant might proceed is explicit in its requirement that one who would avail himself of its aid shall not merely direct the court's attention to his presence in court in the proceeding in which he is interested, but shall move for the particular relief desired, that is, orally request that the court take action as indicated in his notice. (*People* v. *Ah Sam,* 41 Cal. 645; *Spencer* v. *Branham,* 109 Cal. 336 [41 Pac. 1095].) There is nothing to the contrary in *Brownell* v. *Superior Court,* 157 Cal. 703 [109 Pac. 91], to which our attention is directed. It is sufficient to distinguish that case from the instant proceeding to quote from the opinion the following: "On September 21, 1909, while the court was in session, McMahan appeared and formally moved the court to set aside the order of partial distribution, stating at length the grounds of the motion and filing affidavits in support thereof."

[4] Respondent Bryant is in error in the contention that petitioner's only remedy is by appeal; that an order of the character before us for review is not appealable has been held in a number of cases, among them *Kramm* v. *Stockton Elec. Co.,* 22 Cal. App. 737 [136 Pac. 523]; *Kramm* v. *Stockton Elec. Co.,* 22 Cal. App. 761 [136 Pac. 534]; *Kaltschmidt* v. *Weber,* 136 Cal. 675 [69 Pac. 497].

Relief has been granted on the theory that it was sanctioned by section 473 of the Code of Civil Procedure, but in excess of the trial court's jurisdiction. Prohibition is the only adequate remedy available for the injured party. Entertaining these views we do not deem it necessary or profitable to consider other grounds alleged by the petitioner as justification for the issuance of the writ.

It is ordered that a peremptory writ of prohibition issue as prayed.

Finlayson, P. J., and Works, J., concurred.

A petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 22, 1926.