[Civ. No. 4298.   Third Appellate District.—September 12, 1931.]

ALVAH D. BUIS, Plaintiff and Appellant, v. LINDAUER CORPORATION (a Corporation) et al., Defendants and Appellants.

R. T. Walters, C. N. Mozley and Arthur G. Wray for Plaintiff and Appellant.

Head, Wellington, Jacobs & Scovel for Defendants and Appellants.

THOMPSON (R. L.), J.—This is an appeal from a judgment of nonsuit which was rendered against the plaintiff in an action for damages for personal injuries sustained as a result of alleged negligence.

The appeal is presented upon a purported bill of exceptions which was settled by the trial judge, over the objection of the defendants, fifteen months after the judgment was entered. The plaintiff failed to present his proposed bill of exceptions to the judge for settlement within the time limited by the provisions of section 650 of the Code of Civil Procedure. Upon plaintiff's application pursuant to the provisions of section 473 of the Code of Civil Procedure, relief from that default was granted by the court, and the bill of exceptions was thereupon settled.

It is contended the court was without jurisdiction to grant the relief sought under section 473, *supra*, for the reason that the application was not made within six months of the time of default. It is also asserted the court was without jurisdiction to settle the bill of exceptions, and that the judgment of nonsuit should therefore be affirmed, since the record of proceedings lacks due authentication and the presumption follows that the judgment is fully supported.

May 16, 1927, the judgment of nonsuit was rendered and entered against the plaintiff. June 25th of the same year, notice of appeal was served and filed. July 16th a stipulation of respective counsel was made which recites "that the time for serving and filing the bill of exceptions . . . may be extended thirty days". October 31, 1927, one of the attorneys for the defendants died. January 3, 1928, amendments to the proposed bill of exceptions were served on the plaintiff. July 6, 1928, a substitution of attorneys for the defendants was duly made. August 3, 1928, the plaintiff served and filed an application under the provisions of section 473 of the Code of Civil Procedure for relief from his default in failing to present his proposed bill of exceptions for settlement within the time allowed by law. It was his contention that Mr. Clyde Bishop, one of the attorneys for the defendants, who died October 31, 1927, verbally agreed, before the expiration of the time allowed by section 650 of the Code of Civil Procedure, to extend the time for presenting and settling the bill of exceptions. The plaintiff also alleged that Mr. Heck, the other attorney for the defendants, had disappeared, and that his whereabouts was unknown. These assertions were supported on the motion for relief by affidavits. August 24, 1928, over the objection of the defendants, the court granted the relief prayed for. On September 12, 1928, over the objection of the defendants, the court settled and filed the bill of exceptions upon which this appeal was taken. The minute order regarding the settlement of this bill of exceptions contains the following recital: "The defendant duly objected to the signing by the court of plaintiff's bill of exceptions, which objection was overruled, and whereupon the defendant duly excepted to the signing of said bill of exceptions." The defendants then presented and procured the settlement of a bill of exceptions of the record and proceedings affecting the plaintiff's application and order for relief from default, pursuant to section 473, *supra*. The defendants also gave notice of appeal from the last-mentioned order.

■ The defendants' effort to appeal from the order granting plaintiff relief under section 473 of the Code of Civil Procedure from his failure to present and settle a bill of exceptions, within the time prescribed by section 650 of the Code of Civil Procedure, is ineffectual. An order

relieving a party from default in failing to serve a draft of a proposed bill of exceptions within the time specified in section 650 of the Code of Civil Procedure, is not an appealable order. (*McWilliams* v. *Hudson*, 98 Cal. App. 185 [276 Pac. 598, 277 Pac. 529]; *Lake* v. *Harris*, 198 Cal. 85 [243 Pac. 417].)

The court was, however, without jurisdiction to entertain the motion or grant relief from plaintiff's failure to present his proposed bill of exceptions within the time limited by the provisions of section 650 of the Code of Civil Procedure, for the reason that this application was not made within six months from the time of default. (14 Cal. Jur. 1062, sec. 109; *In re Morehouse*, 176 Cal. 634 [169 Pac. 365]; *Title Ins. & Trust Co.* v. *King Land & Imp. Co.*, 162 Cal. 44 [120 Pac. 1066]; *Estate of Grivel*, 208 Cal. 77, 81 [280 Pac. 122]; *Jones* v. *Superior Court*, 78 Cal. App. 163 [248 Pac. 292].) It follows that the order granting relief in the present case, which was applied for and made more than a year after the default occurred, is without authority of law and therefore void. No motion for new trial was ever made in this case. No order was made extending the time in which to present a proposed bill of exceptions. The stipulation extending the time for one month in addition to the time allowed by law is the only record evidence of any such extension of time. The alleged oral stipulation extending time was made some time in June, 1927. The attorney who is alleged to have made this oral agreement died October 31, 1927. The plaintiff was then in default more than three months. There was then ample time to have asked for relief pursuant to the provisions of section 473 of the Code of Civil Procedure. No such application was made for many months thereafter. The court had no jurisdiction to entertain the motion for relief.

Assuming, in accordance with the authorities of *Houghton* v. *Superior Court*, 128 Cal. 352 [60 Pac. 972], and *Gay* v. *Torrance*, 143 Cal. 14 [76 Pac. 717], that when amendments to a proposed bill of exceptions are served that the appellant is not confined to a period of ten days thereafter, but may present the bill and amendments to the judge for settlement ''within a reasonable time thereafter'', it may not be said such presentation is made within a reasonable time when eight months is permitted to elapse after the

serving of amendments before the proposed bill of exceptions is presented. An expiration of eight months before a proposed bill of exceptions is presented to the judge for settlement without explanation is unwarranted and shows a lack of diligence. The proposed amendments were served in the present case January 3, 1928. The proposed bill of exceptions was not presented to the judge until August 30th of that year. The proposed settlement of the bill of exceptions was therefore not prosecuted with diligence.

In spite of the fact that the defendants' effort to appeal from the order granting relief was ineffectual, the court was without jurisdiction to make the order, and it is therefore void. This order was made over the objection of the defendants. The invalidity of this order may therefore be raised by the defendants on plaintiff's appeal from the judgment of nonsuit.

Since the order granting relief from the default and the order settling the proposed bill of exceptions are invalid, it follows that the appeal from the judgment of nonsuit is unsupported by any authenticated record of evidence or proceedings, and the judgment must be deemed to be fully supported by the evidence.

The defendants' appeal is dismissed. The judgment is affirmed, defendants to recover costs.

Preston, P. J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 10, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 9, 1931.