Caguas Company, Inc., demandante y apelada, v. Alejandro López Fauct, demandado y apelante.

Núm. 8133.—*Sometido:* Febrero 12, 1940. *Resuelto:* Febrero 23, 1940.

*Mimoso, Vendrell & Mimoso,* abogados del apelante; *Fiddler, McConnell & González,* abogados de la apelada.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Se solicita la desestimación de la apelación interpuesta en este caso porque para la preparación de la transcripción de la evidencia se obtuvo una prórroga que fué solicitada y concedida vencido ya el término de la anterior.

En la moción se alega que el 13 de diciembre de 1939 se concedió al taquígrafo una prórroga de veinte días para preparar la transcripción de la evidencia que venció, contada a partir del 17 en que vencía la anterior, el 6 de enero siguiente, no siendo hasta el 12 de enero que el apelante solicitó y obtuvo la nueva prórroga que se sostiene que es ineficaz porque la corte había perdido su jurisdicción para actuar de acuerdo con la jurisprudencia de esta Corte Suprema.

Para que los hechos consten en su totalidad, se transcribe de la certificación expedida por el secretario de la corte de distrito que se acompaña a la moción, lo que sigue:

"Que en el caso arriba titulado y con fecha 19 de octubre de 1939 se dictó por esta Corte de Distrito sentencia condenando al demandado Alejandro López Fauct a pagar a la demandante la suma de $24,034.33, . . . . .

"Que con fecha 21 de noviembre de 1939 aparece radicado en autos un escrito de apelación del demandado Alejandro López Fauct apelando de dicha sentencia . . . . .

"Que con fecha 27 de noviembre de 1939 esta Corte de Distrito, a petición del demandado, dictó una orden para que por el taquígrafo se procediera a preparar y radicar en Secretaría, dentro del término que para ello fija la ley, la transcripción de la evidencia a los efectos de dicha apelación;

"Que con fecha 13 de diciembre de 1939 se concedió por esta Corte al taquígrafo una prórroga de 20 días para radicar dicha transcripción de la evidencia, a contarse desde el día diecisiete de diciembre de 1939;

"Que con fecha 12 de enero de 1940 se solicitó y concedió por esta Corte una nueva prórroga de 30 días para la radicación de dicha transcripción de la evidencia, a contar desde el vencimiento de la última prórroga.

"Que hasta la fecha no ha sido radicada en esta Secretaría la transcripción de la evidencia...."

Se opuso el apelante a la desestimación, alegando entre otros motivos su diligencia en la tramitación del recurso y la jurisprudencia establecida en el caso de *Báez* v. *Honoré*, ante, pág. 31, por virtud de la cual quedó derogada la anterior invocada por el apelado.

De subsistir la jurisprudencia anterior, la desestimación procedería porque habría que concluir que la apelación se venía tramitando sin autoridad, ya que el último término concedido lo habría sido por una corte sin jurisdicción, pero habiéndose reconocido en el citado caso de *Báez* v. *Honoré*, supra, que las cortes de distrito tienen y siempre han tenido jurisdicción para eximir a una parte de los efectos del vencimiento de un término, concediéndole otro nuevo, la situación varía.

Las circunstancias concurrentes de este caso concreto no surgen con claridad de los autos. Sólo consta de ellos que una prórroga vencía el seis de enero último y que la siguiente se solicitó el doce, o sea seis días después, y se concedió "a contar desde el vencimiento de la última", siendo esta disposición la que podría inducirnos a concluir que el juez actuó a sabiendas de que el término había vencido, lo que colocaría el caso dentro de la jurisprudencia establecida en el

del *Municipio de Aguas Buenas* v. *de la Fuente,* ante, pág. 105, que aplicó a determinados hechos y circunstancias, la sentada en el de *Báez* v. *Honoré,* supra, y en el que se dijo:

"Como puede verse, cabe la concesión implícita. A virtud de. las mociones de ambas partes se viene en conocimiento de que el juez no actuó desconociendo la realidad de la situación. Se le llamó la atención según el apelado a su falta de jurisdicción por haberse dejado fenecer un término sin pedirse que fuera prorrogado. El apelante manifiesta que a tiempo solicitó la prórroga que falta por correo, como las otras, y que estaba atento a la tramitación de su recurso lo demuestra el hecho de su insistencia en la prórroga corres-pondiente al mes que seguía y el archivo en tiempo de la transcripción.

"El silencio del juez se explica quizá por la jurisprudencia que regía entonces, pero todo induce a creer, más bien, permite afirmar que actuó a sabiendas y seguramente porque consideró que constituiría una injusticia bajo las circunstancias concurrentes el privar al apelante de presentar plenamente. su caso ante la corte de apelación."

Pero aunque no existiera dato alguno en los autos que permitiera concluir que el vencimiento era conocido por el juez cuando actuó, aun así, nos inclinaríamos a concluir, llevando al límite la jurisprudencia de *Báez* v. *Honoré,* supra, y *Municipio de Aguas Buenas* v. *de la Fuente,* supra, que el último término concedido por la corte de distrito lo fué con jurisdicción porque la concesión por sí sola revela la decisión de la corte en el sentido de que continúe abierto el término dentro del cual el recurso interpuesto pueda ser perfeccionado.

De la opinión emitida *per curiam* por la Corte Suprema de California en el caso de *Colburn Biological Institute* v. *DeBolt,* 6 Cal. (2d) 631, 59 P. (2d) 108, que es el más reciente de aquéllos en que funda Bancroft—citado en *Báez* v. *Honoré,* supra, y vuelto a citar en *Municipio de Aguas Buenas* v. *de la Fuente,* supra—su afirmación de que la regla antigua de dicho estado había sido modificada en el sentido de que el proceder de la corte sentenciadora al aprobar los autos

equivale a la concesión del remedio especificado en el artículo 473 del Código de Enjuiciamiento Civil, por haberse dejado de notificar y radicar el pliego de excepciones, copiamos lo que sigue:

"Los demandados han radicado una moción de desestimación de esta apelación, basando la misma en que la apelante no notificó ni radicó su propuesto pliego de excepciones dentro del plazo provisto por el artículo 650 del Código de Enjuiciamiento Civil (tal como fué enmendado por Stat. 1933, pág. 1878, sec. 114). Discutiremos dicha moción antes de considerar los méritos del caso.....

"La aprobación impartida por la corte sentenciadora pone fin a esta moción. Es cosa resuelta que el proceder de la corte sentenciadora al aprobar los autos, equivale a la concesión del remedio especificado en el artículo 473 del Código de Enjuiciamiento Civil (tal como fué enmendado por Stat. 1933, pág. 1851, sec. 34) y cae dentro de la sana discreción de la corte sentenciadora. (Citas.)........ Insiste el demandado, sin embargo, en que no habiéndose presentado el propuesto pliego de excepciones dentro de los seis meses siguientes al vencimiento del tiempo permitido por el artículo 650 del Código de Enjuiciamiento Civil, había cesado la jurisdicción de la corte para conceder el remedio. Citan los demandados en apoyo de su argumento el caso de *Buis* v. *Lindauer Corp.,* 116 Cal. App. 558, 3 P. (2d) 18. Nos satisface que la mejor regla sea al efecto de que el período de seis meses durante el cual el juez sentenciador retiene jurisdicción para conceder el remedio, no empiece a contarse hasta que algún procedimiento o acción sea instituído por la parte adversa, fundándose el mismo en la falta de diligencia o en una orden de la corte a ese respecto. (Citas.) El caso de *Buis* v. *Lindauer,* supra, queda revocado en tanto en cuanto se oponga a estos principios.

"Descansando en la autoridad del caso *Rossi* v. *Scott, Magner and Miller,* 41 Cal. App. 646, 183 P. 263, los demandados alegan que cuando el pliego de excepciones es aprobado a pesar de no haber sido presentado dentro del tiempo provisto y habiendo el demandado objetado oportunamente a dicha aprobación, entonces recae sobre el apelante la obligación de incorporar al récord hechos que justifiquen su demora, y que en ausencia de tales hechos el pliego de excepciones no puede ser considerado en apelación aún a pesar de haber sido certificado por la corte sentenciadora. Puede aducirse para refutar estas alegaciones, que no aparece de la faz del pliego de excepciones de este caso ante nuestra consideración, que dicho

pliego no fuera notificado a los demandados dentro del plazo prescrito; y segundo, que esta regla no se interpreta hoy en una forma estricta, literal, prefiriendo los tribunales investigar los hechos alegados como excusa. *Stenzel* v. *Kronick,* supra (201 Cal. 26, 255 P. 199); *Rubin* v. *Platt Music Co.,* supra (79 Cal. App. 756, 251 P. 243)."

Por virtud de todo lo expuesto *la moción de desestimación debe ser declarada sin lugar,* pero con permiso para reproducirla si el perfeccionamiento de la apelación no se ultima dentro del término de un mes contado a partir de esta fecha, ya que han transcurrido los noventa días que fija la regla y no debe entenderse que esta corte al establecer su nueva jurisprudencia realizó algo que en sentido alguno pueda interpretarse como amparando la lenta tramitación de los recursos.

El Juez Asociado Sr. Wolf disintió.*