[Civ. No. 6750.   Third Dist.   Jan. 30, 1943.]

M. M. MILSTEIN, Respondent, v. ANNA SARTAIN et al., Appellants.

925

E. Vayne Miller and Ivan C. Sperbeck for Appellants.

Joe Wapner for Respondent.

THOMPSON, J.—The defendants have appealed from a judgment by default, which was rendered against them in a suit in assumpsit, after their answer had been stricken from the files on the theory that it was sham and not properly verified as required by section 446 of the Code of Civil Procedure. The respondent has filed no brief on appeal.

The proceedings, resulting in striking defendants' answer from the files and rendering judgment by default against them, are presented on this appeal by means of a settled bill of exceptions.

The complaint is couched in five counts and alleges that the individual defendants are engaged in business as co-partners under the firm name of Terrill & Sartain; that the Colusa County Bank was insolvent and in the process of liquidation, in charge of the State Superintendent of Banks; that on August 16, 1937, the defendants executed and de-

livered to the said bank five separate written acknowledgments of their indebtedness to that bank of unpaid portions of five different promissory notes previously executed by "Terrill & Sartain, by Anna B. Sartain" at various dates and for different amounts ranging from $410 to $8,000. Each document specifies a sum which is acknowledged to be due and unpaid to the bank on account of the particular note therein described, on August 16, 1937, which is the date of said instruments. Each agreement sets out verbatim the note upon which it is founded. The specified aggregate unpaid sum of said notes at the time of execution of said acknowledgments was $4,806.61. The aggregate sum for which the notes were originally executed is $15,910. Three of the notes were dated in 1930. Two of them were executed in 1932. Each note bears 8 per cent interest and provides for 10 per cent of the amount of indebtedness as attorney's fees in the event of the necessity of bringing suit. The notes matured one day after the date of their execution. It is alleged that, for a valuable consideration, the State Superintendent of Banks assigned and transferred to the plaintiff "the claim herein sued upon."

The complaint fails to allege that said notes represent indebtedness of the partnership, Terrill & Sartain; it fails to allege by what authority, if any, Anna B. Sartain signed either the notes or the written acknowledgments of indebtedness. The complaint further fails to allege that said indebtedness was due or unpaid at the time of the commencement of this action on May 6, 1940.

The defendants filed a general and special demurrer to the complaint upon the grounds, among others, that the complaint fails to state facts sufficient to constitute a cause of action; that it cannot be ascertained therefrom by what authority, if any, Anna B. Sartain signed the promissory notes or the written acknowledgments of indebtedness, and that it cannot be determined from said complaint what amount of indebtedness, if any, is due or unpaid to the holder of said promissory notes. The demurrer was overruled. The defendants filed their answer denying the material allegations of the complaint. It specifically denied that the defendants were engaged in business as a copartnership; that Anna B. Sartain was authorized to or did sign said promissory notes or agreements acknowledging their indebtedness as the agent of either a co-partnership or of the other named defendants,

and denied that any amount was due or unpaid upon any of said notes or written acknowledgments of indebtedness. This answer was verified by the defendants' attorney, under the provisions of section 446 of the Code of Civil Procedure, by stating that he did so because his clients were "not at that time present within the Town of Colusa," where he maintained his office, and that he was therefore unable to obtain their verification. The attorney then stated in his verification that:

"He has read the foregoing Answer and knows the contents thereof, and that the same is true of his own knowledge except as to such matters as are therein stated upon information and belief and as to such matters he believes the same to be true."

The verification of the original answer sufficiently complies with section 446 of the Code of Civil Procedure. The attorney avers that he knows the contents of the answer and that "the same is true *of his own knowledge.*" It is true that the verification is defective with respect to one ground since it is averred that the defendants were merely absent from the *town* of Colusa, and not from the county, as the statute requires. The section, however, authorizes the attorney to verify a pleading under any one of three contingencies, namely: (1) when the client is absent from the county where he maintains his office, (2) when, for some cause, the client is unable to verify the pleading, and (3) when "the facts are within the knowledge of his attorney." (*Brown* v. *Sandell,* 79 Cal.App. 313, 316 [249 P. 209].) In the present case the verification complies with the last-mentioned contingency, and the court was not authorized to strike the answer from the files on that account.

The plaintiff served upon the defendants a notice of intention to move the court on October 7, 1940, under section 437c of the Code of Civil Procedure, to strike the original answer from the files as sham and because it lacked a valid verification. That notice also informed the defendants that plaintiff would then move the court for judgment as prayed for. The notice was accompanied by affidavits of the plaintiff and his attorney. A counteraffidavit was filed by the defendants.

On the 7th day of October, prior to the time set for the hearing of said motions, out of precaution and for fear the verification to their answer might be defective, the defend-

ants filed and served an amended answer under the provisions of section 472 of the Code of Civil Procedure duly verified by three of the defendants in person. The amended answer is an exact duplicate of the original answer, except for the verification thereof. The amended answer has not been stricken from the files but still remains of record.

Thereafter the defendants' attorney appeared in court at the time and place set for the hearing of said motions. Neither the plaintiff nor his attorney appeared at that time or at all, to present said motions to the court. They were never orally presented to the court. It is true the plaintiff's attorney previously wrote a letter to the judge saying that plaintiff would not be present, but that he would submit the motions on the records on file. Over objection by the defendants the court proceeded to consider the motions. The plaintiff's affidavits merely aver that he and his attorney interviewed Anna B. Sartain on May 24, 1940, and that she then admitted the existence of the copartnership consisting of the individual defendants, except that Charles M. Terrill had subsequently died. It was also averred that she also admitted the partners then owed the amounts of money specified in the written acknowledgments described in the complaint. No further evidence was adduced at that hearing. The court thereupon took the purported motions under submission.

Without further hearing or evidence, on October 28, 1940, the court made its order granting plaintiff's motion striking defendants' original answer from the files and directing the entry of defendants' default for failure to answer the complaint. Thereupon judgment was rendered against the defendants by default for the aggregate sum of $4,806.61, together with the further sum of $728.99 as attorney's fees.

From that judgment and from the order striking the original answer from the files and entering the default of the defendants they have appealed.

The appellants contend that the court erred in overruling their demurrer to the complaint; that the court erred in considering and granting plaintiff's motions to strike the answer from the files, to enter the default of the defendants, and to render judgment against them by default, without the actual presentation of said motions in open court and without competent evidence adduced.

The notice of appeal is from the order made by the court

on October 14, 1940, striking the answer from the files, and also from the judgment which was rendered and entered by default against the defendants on October 28, 1940.

It has been uniformly held an appeal does not ordinarily lie from an order sustaining or overruling a demurrer, or from an order striking a pleading from the record. Such rulings are reviewable only on appeal from the judgment. (*Wood, Curtis & Co.* v. *Missouri Pac. Ry. Co.*, 152 Cal. 344 [92 P. 868]; *Bryant* v. *Kelly*, 203 Cal. 721 [265 P. 817]; *Harmon* v. *De Turk*, 176 Cal. 758 [169 P. 680]; 2 Cal.Jur. 156, § 26.) The purported appeal from the order striking the answer from the files is therefore dismissed. That order and the order overruling defendants' demurrer to the complaint will however be reviewed on the appeal from the judgment.

The court erred in overruling defendants' demurrer to the complaint. The complaint contains no allegation that the promissory notes and the written acknowledgments of indebtedness which were made on August 16, 1937, were not thereafter fully paid, or that they were due and unpaid. There is no statement in the pleading that any sum whatever was due or unpaid at the time of the filing of the complaint. The only allegation which the complaint contains in that regard is found in paragraph IX, which reads:

"That prior to the institution of suit plaintiff demanded of defendants the payment of the sum in the within cause of action sued upon, but defendants failed, neglected and refused to pay same, and still fail, neglect and refuse so to do."

It is apparent that the failure to pay plaintiff's demands may have been properly refused because the obligations were previously fully paid and that they were not then due or owing. It will be observed the complaint does not even. allege that the demands were wrongfully denied or refused. The demurrer was both general and special. It asserts that the complaint fails to state facts sufficient to constitute a cause of action, and that "it can not be ascertained what amount, *if any*, is due and owing from defendants."

It has been frequently held that a complaint based upon a breach of contract or an obligation to pay a stated sum of money must necessarily allege nonpayment of the money in order to state a cause of action. (*Poetker* v. *Lowry*, 25 Cal.App. 616 [144 P. 981]; *Dunham* v. *McDonald*, 34 Cal.

App. 744, 749 [168 P. 1063]; 18 Cal.Jur. 374, § 635.) In the Poetker case, *supra*, the complaint merely alleged, in the identical language employed in the present case, ''that defendant has refused and still refuses to pay the same.'' The judgment in that case was reversed for error in overruling the demurrer. The court said:

''That a party suing upon a contract to pay money must allege a breach thereof—that is, nonpayment of the money which he seeks to recover—otherwise his complaint is subject to general demurrer for failure to state a cause of action, is fundamental and must be conceded.''

In the Dunham case, *supra*, it is said in that regard:

''It seems too clear for argument that it was necessary also to show by appropriate allegation in the cross-complaint that the money claimed by the defendant of the plaintiff had not been paid—in other words, that there was an existing debt.''

In 18 California Jurisprudence, at page 374, it is said with respect to a complaint to foreclose a mortgage given to secure a promissory note:

''If the obligation secured is a note or debt, the plaintiff must allege nonpayment.''

In the present case it may not be said the erroneous ruling on defendants' demurrer was not prejudicial on account of evidence subsequently adduced at the trial to the effect that the alleged debt was actually due and unpaid, because the answer of defendants, which specifically denied there was any sum due or owing to plaintiff on said obligations, was stricken from the record. Default was then entered against them. The defendants were never afforded an opportunity to adduce evidence on that issue. They were not given their day in court. The ruling on the demurrer was therefore prejudicial.

We are of the opinion the court also erred in hearing and determining plaintiff's purported motion to strike the answer from the files, for the reason that no motion for such relief was ever actually made to the court. It is apparent that section 437c of the Code of Civil Procedure, and other similar provisions to set aside judgments and orders upon notice, contemplates the actual presenting of the motions to the judge in open court and that the court is without jurisdiction to consider or determine them in the absence of an actual presentation of the motion. The mere filing and serving of a

notice of intention to make such motions at a time and place designated is not sufficient to give the court jurisdiction to consider and determine them. (*Estate of Hunter*, 99 Cal. App. 191, 196 [278 P. 485]; *In re Morehouse*, 176 Cal. 634 [169 P. 365]; *Jones* v. *Superior Court*, 78 Cal.App. 163 [248 P. 292]; *Spencer* v. *Branham*, 109 Cal. 336, 340 [41 P. 1095]; *Herrlich* v. *McDonald*, 80 Cal. 472 [22 P. 299]; *People* v. *Ah Sam*, 41 Cal. 645, 650; *Richert* v. *Benson Lumber Co.*, 139 Cal.App. 671, 676 [34 P.2d 840]; *Colthurst* v. *Harris*, 97 Cal.App. 430, 433 [275 P. 868].) In *Estate of Hunter*, *supra*, it is said:

"In construing the meaning of said section [473 C.C.P.] it has been held that the filing and service of the pleading to set aside the judgment, order, or other proceeding is not the making of the application therefor; . . . In applying the foregoing rule in the case of *Jones* v. *Superior Court*, 78 Cal. App. 163 [248 P. 292], the court said: 'To make an application is to make a motion. (Code Civ. Proc., § 1003.) To appear in court and announce one's readiness to make a motion is not the making of a motion any more than would be the service of notice that one will make a motion. That this latter procedure is insufficient is well established. [Citing authorities.] The only provision of law under which the respondent Bryant might proceed is explicit in its requirements that one who would avail himself of its aid shall not merely direct the court's attention to his presence in court in the proceeding in which he is interested, *but shall move for the particular relief desired, that is, orally request that the court take action as indicated in his notice.*" (Italics added.)

In the present case neither the plaintiff nor his attorney was present in court. The contemplated motions were never actually made to the court orally or in writing. The mere writing of a private letter to the judge, without the knowledge or consent of the opposing party or his attorney, stating, with relation to a notice of intention, as distinguished from the proceeding on hearing thereof that, "the same be considered as submitted to the court," is not a compliance with the requirement to actually make the motion in open court. The court was without jurisdiction to consider or determine said motions under the circumstances of this case.

There is no competent evidence in this case against any of the defendants, except Anna B. Sartain, that they were

engaged in business as copartners, that Anna B. Sartain acted as their agent in executing the promissory notes or agreements of indebtedness, or that the obligations were unpaid, even for the purpose of striking the original answer from the files. The only evidence which was adduced was the affidavits of plaintiff and his attorney to the effect that they interviewed Anna B. Sartain on May 24, 1940, and that she then admitted the existence of the copartnership, that she signed the notes "on behalf of the copartnership," and that the balance of the obligation was unpaid. These admissions of one. alleged partner, made out of the presence of the other alleged partners, are not competent to bind the others until after a prima facie showing of the partnership has been first established. (*Swanson* v. *Siem*, 124 Cal.App. 519, 523 [12 P.2d 1053]; *Vanderhurst, Sanborn & Co.* v. *De Witt*, 95 Cal. 57, 62 [30 P. 94, 20 L.R.A. 595]; *Salinas City Bank* v. *De Witt*, 97 Cal. 78 [31 P. 744]; 31 C.J.S. 1144, § 365.) In the Salinas City Bank case, *supra*, the judgment was reversed because several witnesses were permitted to testify to declarations of George W. De Witt, one of the alleged partners, out of the presence of William De Witt, the other alleged partner, that a copartnership existed between them, and that he was authorized to act as the agent of William in overdrawing a certain bank account. The court said:

"The admissibility of such evidence was before this court in an action against the same defendants . . . and it was there held to be a settled rule of law that such evidence is incompetent to establish the fact of partnership."

In the Vanderhurst case, to which reference is made in the preceding quotation, the court said:

"But upon the trial the court . . . admitted evidence of the declarations of the defendant George W. De Witt, not made in the presence of the appellant, to the effect that he and the appellant were such partners. There was error in the admission of this evidence. It is well settled that upon such an issue the declaration of an alleged partner, made in the absence of the other, cannot, as against the absent one, be used to establish the fact of partnership. [Citing authorities.]"

█ The burden is upon the one asserting the existence of a copartnership to prove it by competent evidence. █ Before a partner may be charged, as such, by his declarations, a prima facie showing of the existence of the partnership must

be first established. (§ 1870, subd. 5, Code Civ. Proc.; 2 Jones Commentaries on Evidence, 1726, § 935; *Swanson* v. *Siem, supra;* 31 C.J.S. 1144, § 365, a and b.)

For the reason previously stated, there was a total lack of competent evidence to justify the court in striking from the files the original answer, even if it be assumed the motion was properly submitted for consideration and determination. The answer was improperly stricken from the record.

It is true that the default of a defendant has the effect of confessing all material facts alleged in the complaint, and that he may not thereafter complain of any relief to which the complaint shows the plaintiff to be entitled. (*Christerson* v. *French,* 180 Cal. 523 [182 P. 27]; *Title Ins. & Trust Co.* v. *King Land & Imp. Co.,* 162 Cal. 44 [120 P. 1066]; 14 Cal.Jur. 887, § 19.)

In the present case the defendants filed an amended answer pursuant to section 472 of the Code of Civil Procedure, without having first procured leave from the court to do so. The amended answer was filed before the time set for hearing of plaintiff's motion to strike out the original answer. The original answer was filed August 29, 1940. The amended answer was not filed until October 7, 1940. It has been held the right to file an amended answer, as of course, is limited to the time within which the plaintiff is permitted to demur to the original answer, whether such demurrer is actually filed or not. (*Bank of America* v. *Goldstein,* 25 Cal.App.2d 37, 45 [76 P.2d 545]; 21 Cal.Jur. 176, § 121.) No objection to the delayed filing of the amended answer in this case was made. That answer remains in the files of this case unchallenged.

For the reasons that the demurrer to the complaint was erroneously overruled, the motion to strike out the original answer was improperly granted and the default of the defendants was not authorized under the circumstances of this case, it becomes necessary to reverse the judgment.

The judgment is reversed.

Schottky, J. pro tem., and Adams, P. J., concurred.