[Civ. No. 4021.   Fourth Dist.   Apr. 25, 1950.]

ROBERT C. FRISCH, Appellant, v. GOTTLIEB E. FRISCH et al., Respondents.

Ralph E. Wallace for Appellant.

Martin C. Thuesen for Respondents.

MUSSELL, J.—Action for dissolution of a partnership and for an accounting.

Plaintiff brought this action against his father and mother in an effort to establish the existence of a partnership in 40 acres of land purchased by his parents and in the personal property used in farming, dairy and stock raising business conducted thereon, together with 640 acres of mountain property.  A dissolution of the alleged partnership, an accounting, and a sale or partition of the partnership property was included in the relief sought.

Trial by the court resulted in a judgment for defendants and plaintiff appeals on the sole ground that the evidence is not sufficient to support the findings and judgment.

In 1938 plaintiff was living with his parents on a 3-acre tract near Fresno. In January of that year defendants traded this property for 40 acres on the southeast corner of Barstow and Leonard near Clovis. Title to the 40 acres was taken in the names of defendants. The family (including plaintiff, then 15 years old, three brothers and a sister) moved to the new ranch where they lived together from 1938 to 1945. During this period the entire family worked to develop the property and all money which was realized from it, as well as the earnings of all members of the family, was "plowed right back into it." Plaintiff, as well as other members of the family, received board, clothing, spending money and medical and dental care.

Shortly after the acquisition of the 40-acre ranch, plaintiff's father borrowed $2,700 from the Federal Land Bank and with it purchased cattle to stock the premises. In March of 1945, defendants needed additional range for their stock and purchased the 640 acres for that purpose. The purchase price was $15,000, and in order to obtain it, defendants borrowed $6,000 on the 40 acres, $3,900 on the stock and assumed a mortgage on the 640 acres. Title to the range land was taken in the names of G. E. Frisch, Marie E. Frisch and Robert Frisch, all as joint tenants. The mortgaged stock was sold and the mortgage paid with the proceeds.

Plaintiff was married in 1945 and for a few months lived on the ranch and received wages for his work. In 1946 plaintiff and his brother rented the 40-acre place for one year on a 50-50 basis. This arrangement was not satisfactory and plaintiff then moved onto the range land and attempted to operate it on a 75 per cent basis. In May, 1947, plaintiff advised his father to take over the place and stated that he had no further interest in it and could not make a living there. Plaintiff then left the place and commenced this action in January, 1948.

Plaintiff testified that there was an oral agreement of partnership for the acquisition and operation of the two ranch properties but there is ample evidence to sustain the court's finding that no such agreement was entered into by the parties. The 40-acre property was purchased by the defendants out of their own funds. Plaintiff was then about 15 years old. The purchase price of the 640 acres was arranged for by de-

fendants and at that time there was no agreement from which a partnership could be inferred. Plaintiff's agreement to lease the 40 acres was inconsistent with a partnership relation. Plaintiff did not claim an interest in this property and in 1944, admitted that he had no interest in it. Plaintiff's name was placed on the deed to the 640 acres at his request and for the purpose of keeping him out of the Army. The mere fact that plaintiff was named as grantee in the deed did not create a partnership in the property. (7 Cal.Jur., p. 331, § 2.) The trial court found on substantial evidence that plaintiff and defendants hold title to the 640-acre ranch as joint tenants and that this acreage was not partnership property.

Plaintiff relies on certain admissions contained in letters written by his father to obtain plaintiff's deferment as a farmer during 1942. At the most, these letters create a conflict in the evidence which was resolved in favor of defendants by the trial court.

The burden of proving the existence of a copartnership by competent evidence was on the plaintiff. (*Milstein* v. *Sartain,* 56 Cal.App.2d 924, 932 [133 P.2d 836] ; *Lyon* v. *MacQuarrie,* 46 Cal.App.2d 119, 124 [115 P.2d 594]) and the question of whether a partnership existed was for the determination of the trial court. (*Kadota Fig Assn.* v. *CaseSwayne Co.,* 73 Cal.App.2d 796, 802 [167 P.2d 518].) Where, as here, there is substantial evidence to support the trial court's findings and judgment, the appellate courts will not interfere. (*Estate of Bristol,* 23 Cal.2d 221, 223 [143 P.2d 689].)

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied May 17, 1950, and appellant's petition for a hearing by the Supreme Court was denied June 22, 1950.